## JEFFRIES vs. HARBIN, ET AL.

1. A justice of the peace has no jurisdiction of a suit against the commissioners of the sixteenth section, for a refusal on their part to pay over to a legal voter of the township, his proportionate share of the school fund.

2. Where the subject matter of the suit is without the jurisdiction of the court, consent of parties cannot confer such jurisdiction; and much less can it be be conferred by mispleading.

ERROR to the Circuit Court of Fayette.

Tried before the Hon. William R. Smith.

WILLIAM S. EARNEST, for plaintiff in error.

P. & J. L. MARTIN, contra.

CHILTON, J.—This was a proceeding commenced before a justice of the peace, by the plaintiff in error, against the defendants, as commissioners of section 16, in township 16, in range ten West, &c., to recover from the said defendants, as the cause of action is endorsed on the warrant, "his proportionate share of the sixteenth fund, belonging to said township, for the year 1849."

The justice gave judgment in favor of the plaintiff, for the sum of twenty-four $\frac{40}{100}$ dollars, from which the defendants appealed to the Circuit Court, and plaintiff filed in that court his statement, as follows: "State of Alabama, Fayette county, Circuit Court; Term 1850; Appeal from ——. Jeffries states that L. B. Harbin and Benjamin Jones, commissioners of 16th section, Township 16, Range 10, are justly indebted to him in the sum of twenty-four dollars and forty cents, for his proportionable part for tuition for the year 1849, for scholars actually sent to school by him, which they refuse to pay."

Jeffries v. Harbin et al.

To this statement there was a demurrer, which was sustained by the court, and the plaintiff failing to amend, judgment final was rendered against him, for cost, from which this writ of error was sued out.

The question which first naturally arises, is, had the justice of the peace any jurisdiction over this case? If he had not, it is wholly immaterial, for what cause the Circuit Court repudiated the jurisdiction, since it could not have proceeded to judgment, however formal the statement may have been.

It is very clear, that, aside from the statutes upon the subject, the plaintiff could have no action at law against these defendants. Whether a bill in chancery would lie to compel the performance of the trust, is not a question now before us. Since, then, the action is given by the statute, the court must have a warrant by the statute for its action, otherwise, its proceeding is *coram non judice*, and void. A remedy is given, where the funds are withheld by the commissioners, on motion of any legal voter of the township where the funds have been so withheld, in the regular Orphans' Court of the county, which, by its citation, is required to bring the commissioners before it *instanter*, to show cause why judgment should not be entered against them and their securities for said default. No other remedy has been given, and certainly none before a justice of the peace. Whether this remedy has been preserved, by being transferred to the Probate Court since the abolition of the Orphans' Court, it is not necessary for us to decide. It is certain, that no statute gives jurisdiction to the justice, and as every justice's court is dependent upon the statute law for all the civil jurisdiction which it may legitimately exercise, having no common law jurisdiction in civil matters, it follows that the justice had no power over this proceeding. This is not a case where the want of jurisdiction must be pleaded in abatement. Where the subject-matter of the suit is without the jurisdiction of the court, consent of parties cannot confer such jurisdiction; much less would it be conferred by mispleading. In such cases, it is the duty of the court to repudiate the cause, *mero motu*.

Let the judgment be affirmed.