## PALMER vs. BICE ET AL.

[ACTION FOR MALICIOUS PROSECUTION—VOLUNTARY NONSUIT.]

1. *Bill of exceptions necessary in voluntary nonsuit.*—When it becomes necessary for a plaintiff to suffer a nonsuit, on account of any decision of the court on the trial, he must (Code, §2357) reserve the point by bill of exceptions, if he wishes to revise the action of the court, even when the ruling is otherwise disclosed by the record.

APPEAL from the Circuit Court of Benton.

Tried before the Hon. THOMAS A. WALKER.

This was an action for a malicious presecution, and was commenced in September, 1854. The defendants pleaded the statute of limitations of one year, to which plea the plaintiff demurred. The court overruled the demurrer, and the judgment entry recites that, "by reason of this ruling, the plaintiff was forced to take a nonsuit, which he did;" but the point was not reserved by bill of exceptions. This ruling is now assigned as error.

M. J. Turnley, for the appellant.
James B. Martin, *contra.*

Rice, C. J.—After a plaintiff has voluntarily taken a nonsuit, his right to reinstate his case, or to review errors committed in it, by writ of error or appeal, is the mere creature of the statute.—Mahoney v. Chandler, 7 Ala. Rep. 732.

As the right is the creature of the statute, its extent must be determined by the statute.

The first act in this State, upon the subject, is the act of 4th February, 1846, (Pamphlet Acts of 1845-6, p. 35,) the first section of which declares, " that in all cases where it may be necessary for a plaintiff, in any proceeding at law, to enter a nonsuit, by reason of the determination of the court, before which such proceeding may be pending, upon a matter of law, it shall be lawful for the plaintiff to move the supreme court, at the ensuing term, to set aside such nonsuit; when the supreme court shall consider the points of law arising upon said nonsuit, and set aside, or confirm the same, as the law shall be found." The second section declares, " that if the record shall not, of itself, disclose the point upon which such nonsuit may depend, such point or points of law shall be exhibited by bill of exceptions, and the party may have his writ of error, as in other cases in which writs of error are allowed by law."

Under this act, the cases of Shields v. Byrd, 15 Ala. Rep. 818, and Duncan v. Hargrove, 22 Ala. Rep. 150, were decided.

But the present case must be decided under section 2357 of the Code, which took effect on the 17th January, 1853, and before the commencement of this suit. That section is in the following words: " When from any decision of the court, *on the trial of a cause,* it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, or decision, may be reserved for the decision of the supreme court *by bill of exceptions,* as in other cases."

The difference between the act of 1846 and section 2357 of the Code, is material and palpable. The former embraced not only cases where the points on which the nonsuit was taken, was exhibited by bill of exceptions, but also cases where the point on which the nonsuit was taken was upon the pleadings, and was disclosed by the record, although not ex-

hibited by bill of exceptions.—Duncan v. Hooper, *supra;* Shields v. Byrd, *supra.* The latter embraces only cases where " the facts, point, or decision may be *reserved* for the decision of the supreme court *by bill of exceptions.*"

The decision of the circuit court complained of by the plaintiff in the case at bar, was made upon the pleadings,—induced him to take a nonsuit, and could have been revised under the act of 1846. But that act was repealed by the Code, before this suit was commenced. And as there is no bill of exceptions in the present suit, the specific case provided for by section 2357 of the Code is not presented by the plaintiff; and we are therefore compelled to decline to revise the action of the circuit court which induced him to take a nonsuit. The nonsuit must stand, and the appeal be dismissed, at the cost of the appellant.