# CHAMBERLAIN & CO. *vs.* MASTERSON.

[ACTION FOR DAMAGES AGAINST INNKEEPER FOR LOSS OF GUEST'S WATCH.]

1. *Exception construed.*—Where the bill of exceptions, after stating that the defendants objected to the reading of a deposition, on the ground that the witness was incompetent, proceeded thus :  "This objection was overruled ; and the defendants, by their counsel, then objected to the entire deposition as improper and illegal testimony.   This objection was overruled, *and the defendants excepted,"— held,* that the exception referred only to the last ruling of the court, and did not reserve the question of the competency of the witness.

2. *General objection to evidence.*—A general objection to an entire deposition, "as illegal and improper testimony," when a part of the evidence is legal and proper, may be overruled.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by Hugh Masterson against the

appellants, as the proprietors of a public hotel in Mobile, to recover damages for the loss of his watch, which was alleged to have been stolen by one of the servants of the hotel while the plaintiff was a guest at the house. The matters assigned for error will be readily understood from the opinion of the court.

CHAMBERLAIN & ROBINSON, for the appellants.—1. The plaintiff was not a competent witness to prove the loss of his own watch. The Code (§ 2313) does not authorize it, because the action is for negligence, and not "upon a contract.". At common law, the general rule was, that a party was not a competent witness in his own case ; and the only exceptions were in cases of robbery, fraud, and necessity.—Butler's N. P. 187; Espinasse on Penal Statutes, 211; 1 Phil. Ev., ch. 5, § 2; 2 Stark. Ev. 681; 1 Vernon, 308 ; 1 Greenl. 27. To admit the plaintiff's oath, in such cases as this, would lead to much greater mischief, in the temptation to frauds and perjuries, than can arise from excluding it.—Snow v. Eastern Railroad Co., 12 Metc. 44.

2. The bill of exceptions properly presents this question. A bill of exceptions is a mere statement in writing, under the hand and seal of the presiding judge, of the objections made during the trial of a cause to the decisions of the court on questions of law.—Bouvier's Law Dictionary, 200 ; Webster's Dictionary ; McCord v. Sackett & Shelton, 23 Ala. 851.

WILLIAM BOYLES, contra.—1. No exception was reserved to the ruling of the court in refusing to exclude the deposition on the ground that the party was not a competent witness.— Andress v. Broughton, 21 Ala. R. 200 ; Agee v. Medlock, 25 Ala. 281.

2. That the plaintiff was a competent witness, ex necessitate rei, see 1 Greenl. 27 ; 10 Watts, 335 ; 11 Missouri 232 ; 1 Vernon, 207.

3. If any portion of the deposition was admissible, the objection was properly overruled.—25 Ala. 433.

WALKER, J.—The action of the court below upon the

offer by the plaintiff of his own deposition in evidence, is the only matter to be considered by us. So much of the bill of exceptions as relates to the questions to be decided, is in the following words : " Upon the trial, the defendants, by their counsel, objected to the reading of said deposition, upon the ground that said Masterson was not a competent witness to prove the loss of his watch, the subject-matter of this suit. This objection was overruled, and defendants, by their counsel, then objected to the entire deposition as improper and illegal testimony. This objection was overruled, and defendants excepted." It is clear that the words "defendants excepted," at the end of the foregoing extract, refer to the ruling of the court on the last objection to the admission of the deposition. The structure of the entire extract is such as to forbid any other construction, and that construction is consistent with the decision of this court upon a similar question.—Agee v. Medlock, 25 Ala. R. 281 ; Andress v. Broughton, 21 Ala. 200. There was, therefore, no objection or exception taken to the ruling of the court upon the question of the competency of the witness.

The decision in the case of Sackett & Shelton v. McCord, 23 Ala. 851, fully sustains the argument of appellants' counsel, that a bill of exceptions is a statement of objections ; that it is not necessary that the bill of exceptions should show that the party excepted ; and that it is sufficient if it state that the party objected. But the objection must appear to have been to the ruling of the court ; and such is the effect of the opinion in the case cited. The objection in this case was to the testimony, not to the decision of the court upon that objection. The rulings of the circuit court upon the trial of a cause cannot be reversed, unless they are objected to during its pendency.—See cases above cited, and Milton v. Rowland, 11 Ala. 782. The reason upon which this doctrine rests, so far as it pertains to questions of evidence, is thus stated in Wright v. Sharp, 1 Salk. 288 : " You should have insisted upon your exception at the trial. You waive it if you acquiesce, and shall not resort back to your exception after a verdict against you, when perhaps if you had stood upon your exception, the party had other evidence, and need not have put the case on this point."

There was no error in overruling the objection to the entire deposition, upon the ground that the testimony was "*improper and illegal*," because part of the testimony was "*proper and legal*."—Hiscox v. Hendree, 27 Ala. 216; Martin v. Hardesty, *ib.* 458; Thomas v. Henderson, *ib.* 523; Garrett v. Garrett, *ib.* 687 ; Thomas v. DeGraffenreid, *ib.* 651.

There is no error in the record, and the judgment of the court below is affirmed.