# REPORTS

OF

# CASES ARGUED AND DETERMINED

AT THE JUNE 'TERM, 1866.

## FRANK (A FREEDMAN) vs. THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Construction of bill of exceptions.*—A recital in the bill of exceptions, in a criminal case, that "the refusal of the court to give the charge asked, and the conviction and sentence, *are assigned as error*", is equivalent to an exception to the conviction and sentence.

2. *Proof of venue.*—In a criminal case, if the bill of exceptions purports to set out all the evidence, and does not show that the venue was proved; and an exception was reserved to the conviction and sentence, though no specific charge was given or asked in reference to the proof of venue,—the judgment will be reversed on error on account of the defect in the evidence. (WALKER, C. J., *dissenting*.)

FROM the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

THE indictment in this case, which was found on the 9th November, 1865, charged "that Frank, *alias* Big Frank, a freedman, unlawfully, and with malice aforethought, assaulted W. C. Jordan, with the intent to murder him." The prisoner pleaded not guilty, and was tried at the May term, 1866, when he reserved the following bill of exceptions:

"On the trial, the State proved by W. C. Jordan, who was the prosecutor, that he was the owner of the prisoner, who was a slave, up to the time of his emancipation; and that on the morning of the 28th August, 1865, the prisoner

1

inflicted on him a wound with a knife, under the following circumstances : Witness went up to the prisoner, or passed by him, a little before sunrise, and told him to ' go on to the brick-yard, as he wanted a good day's work done there'; or words to that effect. The prisoner was standing in the yard, in front of his cabin, cutting a piece of old cloth with a knife, and said that he was making an apron to work in at the brick-yard ; and he appeared somewhat sullen. Witness then left him, but returned in about fifteen minutes, and found him in the same place, still cutting the piece of old cloth. Witness then addressed him, somewhat angrily, in these words : 'Frank, why don't you go' ? and asked him if all the rest had not gone. The prisoner replied, rather sullenly, 'I don't know whether they are or not.' Witness was at that time some little distance from the prisoner, on the other side of the fence ; and he immediately crossed the fence, walked up to the prisoner, and said, 'If you don't go, I'll see if I can't make you go'; and catching up a paling, about four feet long, which was lying on a scaffold hard by, he struck the prisoner with it about the shoulders. The prisoner, with his right hand, instantly seized witness' left arm, and, with the knife (which was an old shoe-knife) in his left hand, stabbed him one blow under the right arm, and immediately sprang away and left. Witness merely said, ' You, Frank,' when the prisoner seized his arm. The prisoner said nothing. The wound with the knife followed immediately after the blow with the paling ; but the prisoner had not done or said anything evincing a purpose to stab, until he was struck. The State also introduced as a witness Dr. W. G. Drake, a practicing physician, who testified, that he was called to examine the wound ; that it was under the right arm, and over the region of the right lung ; that the instrument with which the wound was given struck a rib, and did not penetrate the cavity ; that he did not examine to ascertain if there was an incision on the rib'; and that the wound might have been fatal, if the instrument had penetrated the cavity. The State also proved that, on the same day, the prisoner was seen at Union Springs, some eleven or twelve miles from home. This was all the evidence on the part of the State,

and the prisoner had no witnesses. The prisoner asked the court to charge the jury, that if they believed, from the evidence, that the offense with which he was charged was committed on the 28th August, 1865, then he could not be convicted under the indictment, and they must find him not guilty; which was refused, and the defendant excepted. The prisoner was tried under section 3106 of the Code, and sentenced to the penitentiary for five years. The refusal of the court to give the charge asked, and the conviction and sentence, are assigned as error; and the defendant tenders this, his bill of exceptions, praying that the same may be signed," &c.

CHILTON & THORINGTON, for the prisoner.
JOHN W. A. SANFORD, Attorney-General, *contra.*

BYRD, J.—The record purports to set out all the evidence introduced on the trial, and it shows that the prisoner offered none. Upon a demurrer to the evidence, and a joinder therein, the court should have given judgment for the prisoner; or, if a charge had been asked, that the prisoner could not be found guilty upon the evidence, the court should have given it. In the first case, no exception was necessary, in order for this court to revise the ruling of the court, if the demurrer had been overruled; in the latter, it may have been necessary that an exception should have been taken, if the charge had been refused, in order for this court to revise the refusal of the court to give the charge.

The prisoner, in his bill of exceptions, "assigns as error" the refusal of the court to give a charge asked, and also "the conviction and sentence". This must be taken as equivalent to an exception to the conviction and sentence. *Sackett & Shelton v. McCord,* 23 Ala. R. 851. By section 3663 of the Code, it is provided that, in criminal cases, this court must render such judgment as the law demands; and by this may be understood such judgment as the law demanded the court below to render. By section 3650, it is provided that, "if such question" (that is, a question of law) "does not distinctly appear on the record, it must be

reserved by an exception, taken and signed by the judge as in civil cases "; which, impliedly at least, gives the right to the prisoner to have any error which distinctly appears on the record revised by this court. The bill of exceptions is a part of the record; and, so much so, it has been held by this court, that if it is inconsistent with the judgment-entry, it must control.—4 Ala. 516; 9 Ala. 430; *The State v. Jones,* 5 Ala. 666; *Vincent v. Rogers,* 30 Ala. 471.

[2.] The proof in this case does not show that the offense was committed within the jurisdiction of the county of Barbour, nor is it so averred in the indictment. The constitution (art. 1, § 10) secures to the prisoner, " in all prosecutions by indictment or information, a speedy public trial by an impartial jury of the county or district in which the offense shall have been committed "; and this provision was in force when this offense, if committed, is shown by the evidence to have been committed. The Code (§ 3514) dispenses with an averment of *venue* in the indictment, but requires, in its stead, that " the proof must show it to have been within the jurisdiction of the county in which the indictment is preferred."

At common law, *venue* was matter of substance, and must be averred; and if omitted, the judgment was reviewable on error, although no objection was made in the court below.—1 Archb. Crim. Pl. (Waterman's Notes,) p. 64, note 1; 2 Hale, 180; Hawk. Pl. Cr. b. 2, c. 25, § 34.

It therefore becomes a very grave question, whether, in a case where all the evidence is set out, the record must show affirmatively that the *venue* was proven on the trial, not only to give jurisdiction to the court, but to authorize the jury to find a verdict of guilty.—*Noles v. The State,* 24 Ala. 692. Where all the evidence is not set out in the record, we might presume that it was shown on the trial that the offense was committed in the county where " the indictment is preferred."

In the case of *Noles v. The State, (supra,)* the court say, " But the particulars, as to the time, *place,* and circumstance, not constituting essential elements of the crime, may be dispensed with in the indictment, by statute, and be left as matter of proof, as establishing or not the juris-

diction of the court." *Venue*, then, seems to be matter, not an essential ingredient of the crime, but *essential* to establish the jurisdiction of the court. Now, when the record sets out all the evidence, and does not show that the offense was committed in the county where the indictment is preferred; and, therefore, not within the jurisdiction of the circuit court of that county, is the judgment and sentence reversible for want of jurisdiction in the court? At common law, it certainly would have been reversible error, if the indictment had not alleged the venue; and as the statute has required this jurisdictional fact to be shown by the proof, it would seem, on principle, that the total absence of such proof, where all the evidence is set out, would be fatal to the jurisdiction of the court, and, consequently, to the conviction and sentence.

This court will not reverse for a defect of evidence to sustain the verdict, unless the question is raised on demurrer to the evidence, or in some other appropriate manner; but must reverse, whenever the record fails to show that the court had jurisdiction of the cause. It is the duty of this court, *mero motu*, to arrest a cause, and reverse the judgment, whenever it does not appear that the court below had jurisdiction; and it does not so affirmatively appear on the record in this cause.—*Commissioners' Court. v. Thompson*, 18 Ala. 694; *Long v. Commissioners' Court*, 18 Ala. 482; *Wilson v. Judge Pike Co. Ct.*, 18 Ala. 757; *Wightman v. Karsner*, 20 Ala. 446; *Lamar v. Commissioners' Court*, 21 Ala. 772; *Molett v. Kenan*, 22 Ala. 484; 25 Ala. 480; 26 Ala. 568; *Owen v. Jordan*, 27 Ala. 608; *Wyatt's Adm'r v. Rambo*, 29 Ala. 510; *ib.* 391, 663; 26 Ala. 247; 17 Ala. 430; 19 Ala. 171; 20 Ala. 387; 23 Ala. 155; *Wyatt v. Judge*, 7 Porter, 37.

It is true, that if a court has jurisdiction of the subject-matter, although some fact necessary to give jurisdiction of the particular cause may not be shown by the record, its judgment cannot be attacked collaterally; but it can always be attacked by a direct proceeding, or on appeal, unless the party has waived such matter of fact. But, in criminal causes, such waiver is not to be inferred from the failure of the party to raise the question in the court be-

low. When it is necessary to show the fact to give jurisdiction, it can only be waived, if at all, by some act which amounts to an express waiver; and where the prisoner excepts to the conviction and sentence of the court on the indictment, after setting out all the evidence in a bill of exceptions, it is neither an express nor an implied waiver of the matter which should have been proved to give jurisdiction, in such a case as this.

The court, in the case of *Noles v. The State, (supra,)* went as far as we are disposed to go, in holding that the statute which dispensed with the averment of *venue* in an indictment, did not conflict with the constitution of the State, *which,* in effect, secures to an offender a trial by jury, and on an indictment; and this jury and indictment must be, in substance, at least, such as was authorized by the common law. In the case of *Noles v. The State,* the court seem to have held the indictment good, because the Code (§ 3514) required proof of *venue* to show that the offense was " within the jurisdiction of the county in which the indictment was preferred " ; and that, therefore, the prisoner was not deprived of a right secured by the common law and the constitution. The language of the Code is imperative, as to the proof of *venue,* and so it seems to have been considered by the court in the case of *Noles, supra.*

We hold, therefore, that whenever the indictment· is in the form prescribed by the Code, and the bill of exceptions sets out all the evidence, and it does not affirmatively appear that the offense was committed in the county where the indictment is preferred, and the prisoner excepts to the conviction and sentence of the court, there is error, distinctly appearing on the record, fatal to the conviction and sentence, on appeal.

No case has been found on record like this, for the reason, we suppose, that no State has ever enacted such a statute as section 3514 of the Code. We do not hold that the verdict of the jury can be reversed, on such a bill of exceptions as this; but we hold that, the record setting out all the evidence, and failing to show that the court had jurisdiction of the cause, as required by section 3514 of the Code, the judgment of the court below must be reversed, and the cause remanded; and so let it be entered.

A. J. WALKER, C. J.—The bill of exceptions professes to set out all the evidence. It is silent upon the subject of proof of venue. It is therefore to be inferred, that the venue was not proved. There was no objection in the court below on account of the absence of proof of venue; no charge given, to which objection was made ; and no charge asked, which raised the point of the want of such proof. The question thus arises, whether we can reverse the judgment, because there appears to have been no proof of venue, when the omission was not made the subject of objection in the court below. I think this question should be decided in the negative.

At common law, in criminal cases, only those errors which were apparent on the record, were cognizable in the revising tribunal. No bill of exceptions, for the presentation of questions arising on the trial, could be taken, either in misdemeanors or felonies. The English statute (13 Edw. 1, ch. 31) on the subject of bills of exceptions is confined to civil cases ; and no revision of points arising on the trial of a criminal cause can, even at this day, be had in England, unless under some late statute, which I have not discovered.—*Regina v. Alleyne*, 29 Eng. Law & Eq. 179; 2 Bacon's Abr., *Bill of Exceptions*, 112, 114; *Ned v. State*, 7 Porter, 187 ; *Bourne v. State*, 8 Porter, 458; *State v. Jones*, 5 Ala. 666.

As bills of exceptions were unknown at the common law, this court only has such power to revise the proceedings on the trial of a criminal cause as is given by statute. The authority given is set forth as follows in the Code: "§ 3649. Any *question of law*, arising in any of the proceedings on an indictment, may be *reserved* by the defendants, but not by the State, for the consideration of the supreme court. " " § 3650. If *such question* does not distinctly appear on the record, *it must be reserved by an exception*, taken and signed by the judge as in civil cases." " § 3651. When any *question of law*, in a criminal case, is *reserved* for the determination of the supreme court, the clerk of the court must make out a complete transcript of the record, attach his certificate thereto, and transmit it to the clerk of the supreme court, by the first day of the term

next after judgment." "§ 3652. When any *question of law*
is *reserved*, the presiding judge must render judgment on
the conviction; but the execution of the judgment must
be suspended," &c.

These sections of the Code constitute the warrant to this
court for a reversal, in criminal cases, for matters trans-
piring on the trial, and not regularly belonging to the
record. This warrant, the legislature, under its constitu-
tional authority to restrict and regulate the jurisdiction of
this court, has prescribed. The sections quoted bestow
a privilege, which before did not exist, upon persons
charged by indictment; and, in doing so, innovate upon
the common law. This privilege admeasures the authority
of this court to revise. The privilege, as very distinctly
declared, is to *reserve questions of law by exception which
arise in the proceedings.* The privilege has this extent, and
no more, unless, in violation of an established principle, an
addition is made to a statute which is in derogation of the
common law. In the language of this court, in *Palmer v.
Bice,* (28 Ala. 430,) "as the right is the creature of the
statute, its extent must be determined by the statute."

The question that no proof of venue was made in this
case, was not reserved by exception; and it is a question of
fact, and not of law. Whether the venue was proved, was
a question of fact, determinable by observation; and not a
question of law, addressed to, and determinable by the
legal judgment. It was a question for the jury, under the
guidance of proper instructions, and not a question for the
court. No objection to a conviction, in the absence of such
proof, was made; no charge was asked; and the attention
of the court was not called to the point.

It may be said, that the rule which would exclude the
consideration of the point in this case, is tolerable in civil,
but not in criminal cases. The reply is, that the law has
made no distinction, and this court has no legislative
authority. But the law has not only made no distinction
between civil and criminal cases, as to the revision of ques-
tions presented by bill of exceptions, but it has directed
that the point "must be reserved by an exception, taken
and signed by the judge as in civil cases." Neither this,

nor any other court, as far as I am informed, has ever made any distinction, affecting this question, between civil and criminal cases. In the case of *Skinner v. State*, (30 Ala. 524,) there was a conviction upon the uncorroborated evidence of an accomplice, which was expressly prohibited by statute. That the conviction was upon such evidence, appeared beyond dispute from the bill of exceptions. This court, RICE, C. J., delivering the opinion, held, that the judgment could not be reversed, because the question of the sufficiency of the evidence was not reserved in the court below by an exception. In the case of *Johnson v. State*, (29 Ala. 62,) the bill of exceptions disclosed the fact, that the court below had overruled a motion of the defendant that the solicitor should be required to select on which one of several counts he would proceed. It was decided, the same judge delivering the opinion, that the ruling of the circuit court could not be revised, because no objection or exception was made or taken to it; and the decision was made on the authority of *Gager v. Gordon*, (29 Ala. 341,) a civil case. Of the many decisions in civil causes by this court, denying the right of revision where there was no exception, I cite the following : *Palmer v. Bice, supra ; Knapp v. McBride & Norman*, 7 Ala. 19 ; *Simmons v. Varnum,* 36 Ala. 92 ; *Taylor v. McElrath*, 35 Ala. 330 ; *Smith v. King*, 22 Ala. 559 ; *Bradley v. Andress*, 30 Ala. 80 ; *Williams v. Gunter*, 28 Ala. 681 ; *Gordon v. McLeod*, 20 Ala. 242 ; *Reese v. Gresham*, 29 Ala. 91 ; *Mahoney v. O'Leary*, 34 Ala. 97 ; *Vincent v. Rogers*, 30 Ala. 474 ; *Chamberlain v. Masterson*, 29 Ala. 299.

The language of the statute construed in the case of *Palmer v. Bice, (supra,)* was, that " the facts, point, or decision, may be *reserved* for the decision of the supreme court, *by bill of exceptions*, as in other cases." This language was held to preclude the authority of revision over any question not presented by exception ; and the emphatic remark was made, that " as the right (of revision) is the creature of the statute, its extent must be determined by the statute." That remark is as apposite here, as in the case in which it was made. The right of revision is given

alone by the statute, and it can not exceed the bounds prescribed by the statute.

The rule is, that the matter to be revised must be excepted to below; and there is no exception, where the entire evidence is set out.—2 Bacon's Abr., *Bill of Exceptions*, 114.

The decisions in other States fully sustain the argument of this opinion.—*State v. Jenkins*, 5 Jones' Law, 19 ; *Keithler v. State of Miss.*, 10 Sm. & M. 192; *People v. Stockham*, 1 Park. C. R. 424 ; *Wash v. State*, 14 Sm. & M. 120 ; *Walton v. United States*, 9. Wheaton, 657 ; *Sheppard v. Wilson*, 6 How. 275 ; *Haynie v. State*, 32 Miss. 400.

The rule which requires a party to except to an adverse ruling of the court, is reasonable, and conservative of justice. If an exception is made, the court may correct its error; and it is waived by a failure to except.—*Chamberlain v. Masterson*, 29 Ala. 299. In *Wright v. Sharp*, (1 Salk. 288,) it was said : " You should have insisted upon your exception at the trial. You waive it, if you acquiesce, and shall not resort back to your exception after a verdict against you."

It may be objected to this argument, that the proof of venue must be made, in order to show the jurisdiction of the court, and that an exception must be dispensed with, when the question is jurisdictional. The answer to this suggestion is, that it is always necessary to prove the jurisdiction *of the case* to the jury ; and that it is for the jury to determine, whether the fact, upon which the jurisdiction *of the case* depends, is established ; and that there is no reason why the defendant should not be required to except, in reference to any absence or deficiency of proof on this point, as well as on any other. The question of jurisdiction over the subject-matter can never come before the jury. That is given by the constitution, and laws passed in pursuance of it. The venue is a question only as to the jurisdiction of the case in reference to the locality of the court. This question is one to be determined upon the evidence, by the jury. If it were a question of jurisdiction over the subject-matter, there could be no change of venue, for consent can not give such jurisdiction.

The remark in *Noles v. State*, (24 Ala. 672,) that the venue

"may be left as matter of proof, as establishing or not the jurisdiction of the court," could not have been designed to assert a dependence of the jurisdiction over the subject-matter upon the proof of venue to the jury. The constitutional guaranty of a "speedy public trial by an impartial jury of the county or district in which the offense" was committed, is no qualification of the general jurisdiction over all criminal matters, bestowed by another clause upon the circuit court. It relates to the cases of which the courts of the respective counties are to take cognizance. The statute makes a kindred regulation in chancery suits. The rule that the case must be tried in a particular county, may be waived by the defendant; and it is actually suspended in his favor, in changes of venue. Here, the question is, not whether he may waive a trial in the prescribed county, but whether he can waive or dispense with proof that the offense was committed in the county. I entertain no doubt that he can, as the authorities conclusively demonstrate.

The opinion in the case of *McCauley v. The State*, (26 Ala. 135,) held, that the constitution secured a right to a continuance of the deliberations of the jury, in a criminal case, until the occurrence of a sufficient legal reason for its discharge; but that this right could be waived by the prisoner's consent to the discharge of the jury. *Bramlett v. State*, (31 Ala. 376,) was tried after a change of venue; and after the trial, a motion in arrest of judgment was made, on the ground that the transcript from the court where the indictment was found did not show the organization of the grand jury. RICE, C. J., the other judges delivering no opinion upon the point, held, upon authorities which fully sustained him, that the prisoner, by a failure to object until after the verdict, waived the right to have affirmative evidence in the transcript of the organization of the grand jury. *Paris v. State*, (36 Ala. 232,) maintained the well-established doctrine, that a defendant, who has been arraigned and pleaded not guilty, without objection to the preliminary proceedings, waives all right of exception to them. In *Rosenbaum v. State*, (33 Ala. 354,) it was decided, that the accused, in a criminal cause, could waive his constitutional right to be

confronted by the witnesses. The opinion deciding the case of *Hughes v. The State*, (35 Ala. 351,) goes fully into the question of the power of one indicted to waive his constitutional rights, and attains the conclusion that the prisoner may consent to a mistrial, because the constitutional immunity against a second trial is for his benefit, and he may waive it; and that all the constitutional guaranties to defendants in criminal cases may be waived, with the exception of those which affect the very nature of the tribunal appointed for the trial of the case. In *Doty v. State*, (6 Ind. 529,) the supreme court of Indiana, upon a constitutional provision and a statute as to venue like ours, decided, where the record showed no change of venue, and where the trial was had in a county different from that in which the offense was committed, that in the absence of an objection in the court below, a change of venue would be presumed, and that the question was the same as in a civil case.—*Basly v. Farquar*, 2 Blackf. 71; 2 Revised Statutes of Indiana, 370, § 376; Constitution of Indiana, art. 1, § 13.

Upon the arguments and authorities which I have adduced, I think I have maintained the following propositions: 1st, that there is no right, either in a criminal, or in a civil case, to revise a matter presented only by bill of exceptions, which was not objected to in the court below; 2d, that this court can only revise questions of law, in such a case as this; 3d, that it is competent for the accused to waive the proof of venue; and, 4th, that such proof is waived by a failure to raise the point in the court below. In my judgment, (and I say it with the utmost respect for my brethren,) the decision of the majority of the court is without precedent, and unsustained by any correct principle, and initiates a doctrine which I think ought to be resisted at the outset. The ruling of the court allows a party to take advantage of an omission which may have been the result of mere inadvertence, and which could have been easily supplied, or to avail himself of a deficiency in the bill of exceptions, which was probably the result of carelessness incident to the haste with which it was prepared.