(77 South. 935)

## KING v. STATE. (6 Div. 270.)

(Court of Appeals of Alabama. Jan. 22, 1918. Rehearing Denied Feb. 26, 1918.)

1. CRIMINAL LAW ⬤564(1) — PROOF OF VENUE OF CRIME.

Under Const. 1901, § 143, as to criminal jurisdiction of circuit courts, section 6, and Code 1907, §§ 6694 and 7225, fixing the place at which crimes must be tried, and section 7140, dispensing with necessity of allegation of venue, a failure on the trial to prove that the offense was committed within the territorial limitations, as if there was a precise, positive averment of it, is fatal, if the failure is taken advantage of in a proper and timely manner.

2. COURTS ⬤17—JURISDICTION.

Bringing action in an improper county is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter; for statutes of venue regulate, not the jurisdiction of the courts, but only the procedure.

3. HABEAS CORPUS ⬤27—GROUNDS—WANT OF JURISDICTION—VENUE.

Under Const. 1901, §§ 6, 143, as to criminal jurisdiction of circuit courts and place of trial, and Code 1907, § 7033, providing for discharge on habeas corpus where the court has exceeded jurisdiction, and sections 6694, 7225, as to place of trial, where accused was held by sheriff of J. county on capias issued by circuit court of B. county, based on indictment in B. county, accused was not entitled to discharge on habeas corpus on ground that B. county circuit court had no jurisdiction because the offense was not committed in that county; for, that court having general jurisdiction of the subject-matter and person of accused, the question whether the

offense charged had been committed in B. county was one to be determined upon the trial of the cause in B. county.

Appeal from Criminal Court, Jefferson County; H. P. Heflin, Judge.

Petition by Dave R. King for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

Erle Pettus, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. The record in this case is irregular in several particulars, but the parties have tried the issues in the court below as if they had been well pleaded and properly submitted, and both in brief and argument in this court the errors in the record have been treated as clerical, and we will so treat them, ignoring such irregularities, which, if insisted upon, would be more particularly considered.

The defendant was indicted by the grand jury of Bullock county on a charge alleging that he had embezzled funds coming into his hands as administrator of the estate of a decedent, under an appointment as such administrator by the probate court of Bullock county. A capias was issued out of the circuit court of Bullock county, based on said indictment, and sent to the sheriff of Jefferson county, who arrested the petitioner and put him in jail in Jefferson county, whereupon the petitioner sued out a writ of habeas corpus before H. P. Heflin, judge of the criminal court of Jefferson county, alleging, among other things, that "the jurisdiction of said court of Bullock county has been exceeded as to place or person; that no such offense was ever committed by defendant in Bullock county." There were other allegations, but, for the purposes of this decision, it is not necessary to set them out or mention them. The writ was issued, and upon the trial the sheriff of Jefferson county showed that he was holding the petitioner by virtue of an indictment returned by the grand jury of Bullock county to the circuit court of said county, and a capias issued out of said court charging petitioner with embezzlement of funds coming into his hands as administrator, under an appointment from the probate court of Bullock county. It was admitted on the trial that petitioner was appointed administrator by the probate court of Bullock county of the estate named in the indictment; that he qualified as such and immediately left Bullock county, going to Jefferson county, Ala., where he received as such administrator under said appointment $200. It was shown by the petitioner without objection that since his appointment as administrator he had not been in Bullock county; that he had not paid out any of the money in Bullock county; and there was testimony showing that he had never had

possession of any of the money or property of the estate in Bullock county, Ala.

The writ of habeas corpus has been extolled by all the great text-writers as the "great writ" for the protection of the liberties of the people from usurpation and oppression. It has been jealously guarded, from the granting of the Magna Charta, and has been preserved to us both in the Constitution and statutes of this state, section 17 of the Constitution providing that the writ of habeas corpus shall not be suspended by the authorities of this state, and full provision is made for its application in chapter 227 of the Code of 1907, in which chapter (section 7033) it is provided:

"If it appears that the party is in custody, by virtue of process from any court legally constituted, * * * he can only be discharged—(1) where the jurisdiction of such court has been exceeded, either as to matter, place, sum or person."

But the writ did not originate nor was it designed to embarrass or interfere with the courts in the due administration of justice in cases where such courts have the general jurisdiction of the subject-matter and of the person of the defendant. It is contended for the petitioner in this case that the jurisdiction of such court has been exceeded as to place, and that section 7225 of the Code, which says, "The local jurisdiction of all public offenses, unless it is otherwise provided by law, is in the county in which the offense was committed," coupled with section 6694 fixing the jurisdiction of circuit courts, and section 6 of the Constitution, which guarantees to every defendant prosecuted by indictment "a speedy public trial by an impartial jury of the county or district in which the offense was committed," limit and fix the jurisdiction of the circuit court in criminal cases to offenses committed in the county, and that, when that jurisdiction is exceeded, the writ of habeas corpus will lie.

[1, 2] But section 143 of the Constitution provides that circuit courts shall have original jurisdiction of all matters civil and criminal within the state, not otherwise excepted in the Constitution, thus giving to the circuit courts general jurisdiction of all crimes committed within the state. Section 6 of the Constitution and sections 6694 and 7225 of the Code fix the place at which crimes must be tried, and section 7140 of the Code dispenses with the necessity of an allegation of the venue, thereby recognizing the territorial limitations of courts in the trial of criminal cases, and a failure on the trial to prove that the offense was committed within the territorial limitations, as if there was a precise, positive averment of it, is fatal, if the failure is taken advantage of in a proper and timely manner. Sparks v. State, 59 Ala. 82; Justice v. State, 99 Ala. 180, 13 South. 658; Randolph v. State, 100 Ala. 139, 14 South. 792. But the bringing of an action in an improper county is not a jurisdictional defect, where

the court has general jurisdiction of the subject-matter, and the law fixing the venue in certain actions confers a mere personal privilege which may be waived by a failure to claim it in a proper manner and at the proper time. 22 Ency. Pl. & Pr. 815, and notes; Woolf v. McGaugh, 175 Ala. 305, 307, 57 South. 754.

When laws have been enacted providing that certain actions must be tried in certain counties, the weight of modern authority is to the effect that the law is not imperative in a jurisdictional sense, but only in a procedural sense. Works, Jurisdiction, p. 333; 40 Cyc. 53. This view has been adopted by many of the courts of last resort, and is, we think, the correct rule to be followed. Statutes of venue regulate, not the jurisdiction of the courts, but only the procedure. 40 Cyc. 42. As has been said, the Constitution of this state confers original jurisdiction on circuit courts in all criminal matters within the state not otherwise excepted. The grand jury of Bullock county returned into the circuit court of that county an indictment charging the defendant with the crime of embezzlement, and, in the absence of proof to the contrary, we must presume that such indictment was based on sufficient evidence; there was issued out of that court a capias based upon that indictment; the defendant was arrested in Jefferson county by the sheriff of that county; the indictment was regular, charging the commission of the crime of embezzlement committed in the county of Bullock; the court therefore had general jurisdiction of the subject-matter and of the person of the defendant. 1 Wharton, Criminal Law, par. 292.

[3] This being the case, the circuit court of Bullock county did not exceed its jurisdiction, and the question of whether or not the offense charged had been committed in Bullock county was one to be determined upon the trial of the cause in the circuit court of Bullock county. The circuit court of Bullock county having the custody of the defendant for the purpose of trial, and not having exceeded its jurisdiction, the judge of the criminal court of Jefferson county was without jurisdiction to grant a petition for habeas corpus. Ex parte State ex rel. Attorney General, 150 Ala. 496, 43 South. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79. We are not unmindful of that line of decisions in other states which hold that the statutes localizing actions are deemed to go to the jurisdiction of the trial court, but, where this has been decided, it is universally held that the question cannot be waived by consent, while our courts, both by rule of procedure and decision, have consistently held that the question of venue, both in civil and criminal matters, not only may be waived by consent, but is lost by a failure to make proper and timely objections on the trial, and

that judgments of conviction rendered under such circumstances are valid and binding. The rule is that where the court has jurisdiction of the person and the subject-matter, it is competent and clothed with authority to decide all questions that may arise in the particular case. 1 Bailey on Habeas Corpus, p. 168. Any other conclusions than the foregoing would, in our opinion, produce a conflict of jurisdiction over the right to the custody of the person of a defendant, leading to confusion and resulting in the defeat of the due administration of the criminal law. 12 R. C. L. 1218.

There is no error in the record, and the judgment dismissing the petition and remanding the defendant to the custody of the sheriff of Jefferson county is affirmed.

Affirmed.