HUBERT TAYLOR, Judge.
Appellant, Jimmy Lewis, was found guilty of rape, first degree. Sentence was imprisonment for life. The only issue presented on this appeal is whether the State proved the element of venue.
The victim, Tamecia McCray, was taken by Lewis from a field to a store located in Houston County. The county line was approximately one and one-half miles from the store. McCray and Lewis left the store in an automobile and, according to testimony, went to some “bushes” where the despicable offense was committed. The record is unclear as to where the bushes were located.
It is, of course, the law of this State that the State must prove venue, although this element can be established by circumstantial evidence. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969); Allen v. State, 374 So.2d 447 (Ala.Cr.App.1979).
Section 15-2-7, Code of Alabama 1975, provides venue may be established in either county provided an offense is committed on a boundary of two or more counties or within one-quarter of a mile thereof, or committed so near the boundary of two counties as to render it doubtful in which the offense was committed.
We cannot determine from the record where the offense was committed. Since the boundary line of the adjoining county was so close, it is possible that the parties drove into the adjoining county some distance from the boundary line. The record is silent as to how much time elapsed between the time the parties left the store and when the offense was committed.
The State having failed to offer any evidence as to the material element of venue, it is the opinion of this court that this judgment be reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.