MADDOX, Justice.
Appellant Jimmy Lewis was found guilty of first degree rape and was sentenced to life imprisonment. The Court of Criminal Appeals, 461 So.2d 8, reversed. The state presents two issues on its petition for certiorari. The first issue is whether the defendant waived his objection to venue. The second issue is whether there was sufficient circumstantial evidence from which the jury could infer proper venue. The Court of Criminal Appeals held that the State failed to offer any evidence as to the material element of venue and reversed the conviction and sentence. We affirm the Court of Criminal Appeals’ holding that the defendant did not waive his objection to venue, but we reverse the cause and remand it to the Court of Criminal Appeals with directions to determine whether the State proved venue by circumstantial evidence.
The essential facts are uncontroverted and are set out in the opinion of the Court of Criminal Appeals. They are as follows:
The victim, Tamecia McCray, was taken by Lewis from a farm field to a store located in Houston County. The county line was approximately one and one-half miles from the store. McCray and Lewis left the store in an automobile and, according to testimony, went to some “bushes,” where the offense was committed. The record is unclear as to where the bushes were located.
*10 After being found guilty of first degree rape and sentenced to life imprisonment, the defendant appealed. In its opinion of January 10, 1984, the Court of Criminal Appeals held that the state did not prove venue. Judge Hubert Taylor wrote the following in the opinion:
“We cannot determine from the record where the offense was committed. Since the boundary line of the adjoining county was so close, it is possible that the parties drove into the adjoining county some distance from the boundary line. The record is silent as to how much time elapsed between the time the parties left the store and when the offense was committed.”
Upon petition to this Court, the state requested, pursuant to Rule 39(k), Ala.R. App.P., that we consider the following additional fact:
“[Defendant] and the victim were gone approximately fifteen minutes from the time defendant left the farm with the victim [and the time they returned to the farm.]”
This testimony was from the victim’s father.
The first issue pertains to whether the defendant waived his objection to venue by failing to raise the issue in a pre-trial motion. The state contends that under Temporary Rule 16.2,[1] Ala.R.Crim.P., certain objections may be raised only by pretrial motion made in accordance with Temporary Rule 16.3,[2] Ala.R.Crim.P. The state points out that the comment to Rule 16.2,[3] Ala.R.Crim.P., states that objections to venue must be raised by a motion before trial. Section (c) of Rule 16.2 states that a failure to present any objection as required under the rules constitutes a waiver. We do not agree, however, that there was a waiver in this case.
The waiver principle would be applicable if, for example, the question was whether the trial of the case should be moved to another jurisdiction because of excessive pre-trial publicity. Here, however, venue was a question at issue. The following comment to Temporary Rule 16.4, Ala.R. Crim.P., addresses the situation presented here:
“Temporary Rule 16.4 requires that the pre-trial motion be determined by the court before trial unless deferred for good cause until the trial. Where the motion raises an issue better determined during the trial, it would be proper to defer the motion. For example, the question of venue may be ‘[one of] fact so entwined with the merits ... that a decision should not be made prior to trial but postponed until trial.’ United States v. Callahan, 300 F.Supp. 519 (S.D.N.Y.1959). In the Callahan case the defendants were charged with a conspiracy, and venue was allegedly based on the planning having been done in the county of trial. In order to prove venue, the plan *11 ning of the crime would have to be shown.”
Based on the foregoing, we hold that the defendant did not waive objection to venue.
The second issue concerns the sufficiency of the evidence from which the jury determined the existence of venue. The defendant contends that there was no evidence as to the location of the incident from anyone with personal knowledge, and that there was no evidence describing a location with sufficient particularities to make it distinguishable from any other area, county, or state. The defendant correctly acknowledges that venue can be established by circumstantial evidence. He further contends that a conviction based on circumstantial evidence will be upheld only if the evidence is so strong and so cogent that it establishes the defendant’s guilt to a moral certainty. Ladd v. State, 363 So.2d 1017 (Ala.Crim.App.1978), at 1019. In addition, the defendant argues:
“For circumstantial evidence to be sufficient to justify a jury in conviction upon it, the circumstances proved must not only be consistent with the hypothesis that the defendant is guilty but inconsistent with every other hypothesis except that of his guilt_ Circumstantial evidence, no matter how strong, which merely arouse a suspicion of guilt will not serve as a basis for conviction.”
Thomas v. State, 363 So.2d 1020, at 1024-2025 (Ala.Crim.App.1978).
We do not necessarily agree with defendant’s argument. Of course, proof of venue is necessary to sustain a conviction, Grace v. State, 369 So.2d 318, 322 (Ala.Crim.App.1979), but venue can be established by circumstantial evidence. Allen v. State, 374 So.2d 447 (Ala.Crim.App.1979).
It is apparent from the opinion that the Court of Criminal Appeals did not consider the testimony that the defendant and the victim were gone approximately fifteen minutes from the time the defendant left the farm with the victim and to the time the victim returned to the farm; therefore, we remand the cause to that court for consideration of these facts on the venue question. The law regarding the establishment of venue by circumstantial evidence is set out in Coleman v. State, 423 So.2d 276 (Ala.Crim.App.1982). In Coleman, a murder case, the decayed remains of the victim were found at the top of a mountain near the Madison County line. Apparently, there was no direct evidence as to where the murder actually occurred. Addressing the issue of whether the state failed to prove venue, the court held:
“In a criminal case, proof of venue is sufficient if it can be reasonably inferred by the jury from the facts and circumstances adduced. Segars v. State, 409 So.2d 1003 (Ala.Cr.App.1982). Venue need not be established solely by direct evidence. Evidence from which it is in-ferrable is sufficient. Dolvin v. State, 391 So.2d 666 (Ala.Cr.App.1979), aff'd, 391 So.2d 677 (Ala.1980); Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala.1979).
{( * * * *
“As we stated in Stokes, supra at pages 1216-17:
“When the State offers evidence tending to show that the crime was committed within the jurisdiction of the court, the question of venue becomes one for the jury.... Where there is no evidence of venue it is a question for the court; but if there is evidence of venue and it is in conflict, it is a question for the jury. . . . ‘The inferences to be drawn from the evidence, when susceptible of more than one rational conclusion, are for the jury and not for this Court to determine ... A verdict on conflicting evidence is conclusive on appeal...’
(Citations omitted).” (Emphasis added.)
423 So.2d at 279. In Coleman, the court concluded that “although the exact spot where the victim was killed was not shown by direct evidence, the jury could properly conclude that he was killed in Madison County.”
*12 In addition, venue may be established in either county under § 15-2-7, Code of Alabama 1975, which provides:
“When an offense is committed on the boundary of two or more counties or within a quarter of a mile thereof or when it is committed so near the boundary of two counties as to render it doubtful in which the offense was committed, venue is in either county.”
Based on the foregoing, we hold that the cause is due to be remanded to the Court of Criminal Appeals in order to allow that court to determine if there was sufficient circumstantial evidence from which the jury could infer that the parties either did not leave Houston County or that the crime was committed so close to the county line that jurisdiction could be in either county under Code 1975, § 15-2-7.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
BEATTY, J., not sitting.

. “Rule 16.2 Objections and Defenses Which Must be Raised by Motion
"(a) Objections and Defenses Which Must be Raised by Pre-trial Motion. Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an of- , fense, may be raised only by pre-trial motion made in accordance with Temporary Rule 16.3.
"(b) All Objections and Defenses Included. The pre-trial motion shall include all such objections and defenses then available to the defendant.
"(c) Waiver. Failure to present any objection or defense as provided in sections (a) and (b) constitutes a waiver thereof, but the court for good cause shown may grant relief from the waiver.”

. "Rule 16.3 Time of Making Motions
“(a) Pre-trial Motions. Any motion which must under Temporary Rule 16.2 be made before trial must be made:
"(1) In circuit court at or before arraignment or by such later date as may be set by the court; and
“(2) In district court or municipal court at the time of or before entering a plea.
"(b) Extension or Limitation of Time. The court may extend or limit the time of filing such motions for good cause.
"Added effective March 1, 1983.”

. "Comment
"Temporary Rule 16.2 requires that certain objections be made and defenses raised by motion before trial. Objections to the venire or to an individual grand juror or to the venue must be raised by such a motion before trial."