978 So.2d 33 (2007)
Ex parte Jammy BELL
(In re Jammy Bell
v.
State of Alabama).
1060926.
Supreme Court of Alabama.
July 27, 2007.
*34 Jammy Bell, pro se.
Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and John M. Porter, asst. atty. gen., for respondent.
STUART, Justice.
On February 25, 2005, Jammy Bell filed a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., challenging the validity of his conviction for second-degree receipt of stolen property and his sentence of 25 years in prison. After a hearing, the circuit court denied his petition.
Bell appealed the circuit court's denial of his petition to the Court of Criminal Appeals. Before that court, Bell argued, among other issues, that the circuit court erred in denying his claim that the State had failed to prove venue and that, therefore, the trial court did not have jurisdiction to enter the judgment and to impose the sentence. The Court of Criminal Appeals, in an unpublished memorandum, held that the claim was nonjurisdictional and precluded because Bell could have raised it at trial or on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P. Bell v. State (No. CR-05-2319, February 23, 2007), ___ So.2d ___ (Ala.Crim.App.2007)(table).
Bell petitioned this Court for a writ of certiorari. In his petition, he alleged that the holding of the Court of Criminal Appeals that his claim that the State had failed to prove venue was nonjurisdictional conflicted with this Court's statement in Ivey v. State, 821 So.2d 937, 950 (Ala.2001), that "proof of venue is jurisdictional." We granted the writ to clarify whether an issue of venue in a criminal case is jurisdictional.
This Court in Ex parte Culbreth, 966 So.2d 910 (Ala.2006), addressed the difference between a jurisdictional requirement and a venue limitation, stating:
"`Jurisdiction is "[a] court's power to decide a case or issue a decree." . . . In deciding whether [a petitioner's] claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the [requisite] constitutional and statutory authority. . . .' Ex parte Seymour, 946 So.2d 536 (Ala.2006). Venue, in contrast, addresses `[t]he county or other territory over which a trial court has jurisdiction.' Black's Law Dictionary 1591 (8th ed. 2004). . . .
"Venue can be waived, and any objection to improper venue is waived if not timely raised."
966 So.2d at 911-912.
In Ex parte Seymour, 946 So.2d 536 (Ala.2006), we recognized the subject-matter jurisdiction of the circuit court, stating:
"Under the Alabama Constitution, a circuit court `shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that `[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions. . . .' § 12-11-30, Ala.Code 1975."
946 So.2d at 538.
Bell was convicted of the offense of second-degree receiving stolen property, a Class C felony. See § 13A-8-18(b), Ala. Code 1975. Thus, the circuit court had subject-matter jurisdiction over Bell's trial.
Venue, on the other hand, does not impact a circuit court's subject-matter jurisdiction; it limits the territory in which the case can be tried. Section 15-2-2, Ala.Code 1975, provides: "Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed." Thus, § 15-2-2 *35 identifies in which trial court a case can be prosecuted, but it does not limit the jurisdiction of the trial court. This Court recognizes that there are cases, including Ivey v. State, supra, that state that "proof of venue is jurisdictional"; however, our holdings in Ex parte Seymour and Ex parte Culbreth implicitly overruled those decisions insofar as their statements regarding the jurisdictional nature of venue are concerned.
Bell's claim that the State did not prove venue is a claim addressing whether the State's evidence satisfied § 15-2-2, Ala.Code 1975, i.e., whether the State proved that the offense Bell is accused of committing occurred in Washington County so that venue is appropriate there; it is not a claim that impacts the trial court's jurisdiction. Therefore, the Court of Criminal Appeals properly concluded that Bell's claim was nonjurisdictional. Additionally, because a challenge to venue is waivable, see Ex parte Watts, 435 So.2d 135, 137 (Ala.1983), and Sciscoe v. State, 606 So.2d 202 (Ala.Crim.App.1992), the Court of Criminal Appeals' application of the procedural bars that the claim "could have been but was not raised at trial," see Rule 32.2(3), Ala. R.Crim. P., and that the claim "could have been but was not raised on appeal," see Rule 32.2(5), Ala. R.Crim. P., was proper.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
SEE, WOODALL, BOLIN, PARKER, and MURDOCK, JJ., concur.
LYONS and SMITH, JJ., concur in the result.
COBB, C.J., recuses herself.
LYONS, Justice (concurring in the result).
Although I concur in the result reached by the main opinion, I cannot join the main opinion insofar as it states that Ex parte Seymour, 946 So.2d 536 (Ala.2006); and Ex parte Culbreth, 966 So.2d 910 (Ala. 2006), implicitly overruled Ivey v. State, 821 So.2d 937 (Ala.2001), to the extent Ivey stated that venue in a criminal case was jurisdictional. I would distinguish, rather than overrule, Ivey because Ivey does not deal at all with waiver. The defendant in Ivey moved for a judgment of acquittal in the trial court based on improper venue, thereby preserving the issue for appellate review.
I respectfully submit that the case we should expressly overrule is Frank v. State, 40 Ala. 9 (1866), in which a divided Court upheld a challenge to venue raised for the first time on appeal. The holding in Frank was limited in a subsequent case, as noted in Elsberry v. State, 52 Ala. 8, 9-10 (1875):
"It is now insisted here, but the point was not brought to the attention of the court below, that no venue was proved. The answer to this is furnished by the opinion of this court in Huggins v. The State, 41 Ala. 393 [(1868)]: `There was evidence in the court below reasonably conducing to prove the venue. We do not understand the decision in Frank v. The State (40 Ala. 9) as going to the extent of holding that this court will pass upon the sufficiency of the evidence of venue, when no question was raised in the court below. That decision pertains to a case when it affirmatively appeared that there was no proof tending to show venue, and to such cases its authority and reasoning must be confined.'"
See also Woodson v. State, 170 Ala. 87, 54 So. 191 (1910) (Mayfield, J., dissenting), for a discussion of the continued vitality of *36 Frank, albeit as limited by Huggins v. State, 41 Ala. 393 (1868).
The former Court of Appeals in King v. State, 16 Ala.App. 341, 343, 77 So. 935, 937 (1918), expressed a view wholly inconsistent with Frank:
"We are not unmindful of that line of decisions in other states which hold that the statutes localizing actions are deemed to go to the jurisdiction of the trial court, but, where this has been decided, it is universally held that the question cannot be waived by consent, while our courts, both by rule of procedure and decision, have consistently held that the question of venue, both in civil and criminal matters, not only may be waived by consent, but is lost by a failure to make proper and timely objections on the trial, and that judgments of conviction rendered under such circumstances are valid and binding. The rule is that where the court has jurisdiction of the person and the subject-matter, it is competent and clothed with authority to decide all questions that may arise in the particular case. 1 Bailey on Habeas Corpus, p. 168. Any other conclusions than the foregoing would, in our opinion, produce a conflict of jurisdiction over the right to the custody of the person of a defendant, leading to confusion and resulting in the defeat of the due administration of the criminal law. 12 R.C.L. 1218."
(Emphasis added.) My research has not disclosed an equally unequivocal statement from this Court on the question of susceptibility of venue in a criminal case to waiver by failure to assert it in the trial court, until the main opinion today.[1]
SMITH, J., concurs.
NOTES
[1] In Lewis v. State, 461 So.2d 9, 10 (Ala. 1984), this Court found no waiver by the defendant's failure before trial to assert improper venue. The Court quoted with approval from the Comment to Temporary Rule 16.4, Ala. R.Crim. P. (now Rule 15.4, Ala. R.Crim. P.) ("`For example, the question of venue may be "[one of] fact so entwined with the merits . . . that a decision should not be made prior to trial but postponed until trial." United States v. Callahan, 300 F.Supp. 519 (S.D.N.Y.1969).'" (emphasis added)). Although Lewis is silent on the procedural facts relating to activity in the trial court challenging venue, I infer from the Court's reliance on the aforementioned Comment that an objection to venue was made at trial, as was the case in Ivey.