Although I concur in the result reached by the main opinion, I cannot join the main opinion insofar as it states that Exparte Seymour, 946 So.2d 536 (Ala. 2006); and Ex parteCulbreth, 966 So.2d 910 (Ala. 2006), implicitly overruledIvey v. State, 821 So.2d 937 (Ala. 2001), to the extentIvey stated that venue in a criminal case was jurisdictional. I would distinguish, rather than overrule,Ivey because Ivey does not deal at all with waiver. The defendant in Ivey moved for a judgment of acquittal in the trial court based on improper venue, thereby preserving the issue for appellate review.
I respectfully submit that the case we should expressly overrule is Frank v. State, 40 Ala. 9 (1866), in which a divided Court upheld a challenge to venue raised for the first time on appeal. The holding in Frank was limited in a subsequent case, as noted in Elsberry v. State,52 Ala. 8, 9-10 (1875):
 "It is now insisted here, but the point was not brought to the attention of the court below, that no venue was proved. The answer to this is furnished by the opinion of this court in Huggins v. The State, 41 Ala. 393 [(1868)]: `There was evidence in the court below reasonably conducing to prove the venue. We do not understand the decision in Frank v. The State (40 Ala. 9) as going to the extent of holding that this court will pass upon the sufficiency of the evidence of venue, when no question was raised in the court below. That decision pertains to a case when it affirmatively appeared that there was no proof tending to show venue, and to such cases its authority and reasoning must be confined.'"
See also Woodson v. State, 170 Ala. 87, 54 So. 191
(1910) (Mayfield, J., dissenting), for a discussion of the continued vitality of *Page 36 Frank, albeit as limited by Huggins v.State, 41 Ala. 393 (1868).
The former Court of Appeals in King v. State,16 Ala.App. 341, 343, 77 So. 935, 937 (1918), expressed a view wholly inconsistent with Frank:
 "We are not unmindful of that line of decisions in other states which hold that the statutes localizing actions are deemed to go to the jurisdiction of the trial court, but, where this has been decided, it is universally held that the question cannot be waived by consent, while our courts, both by rule of procedure and decision, have consistently held that the question of venue, both in civil and criminal matters, not only may be waived by consent, but is lost by a failure to make proper and timely objections on the trial, and that judgments of conviction rendered under such circumstances are valid and binding. The rule is that where the court has jurisdiction of the person and the subject-matter, it is competent and clothed with authority to decide all questions that may arise in the particular case. 1 Bailey on Habeas Corpus, p. 168. Any other conclusions than the foregoing would, in our opinion, produce a conflict of jurisdiction over the right to the custody of the person of a defendant, leading to confusion and resulting in the defeat of the due administration of the criminal law. 12 R.C.L. 1218."
(Emphasis added.) My research has not disclosed an equally unequivocal statement from this Court on the question of susceptibility of venue in a criminal case to waiver by failure to assert it in the trial court, until the main opinion today.[1]
SMITH, J., concurs.
[1] In Lewis v. State, 461 So.2d 9, 10 (Ala. 1984), this Court found no waiver by the defendant's failure before trial to assert improper venue. The Court quoted with approval from the Comment to Temporary Rule 16.4, Ala. R.Crim. P. (now Rule 15.4, Ala. R.Crim. P.) ("`For example, the question of venue may be "[one of] fact so entwined with the merits . . . that a decision should not be made prior to trial butpostponed until trial." United States v. Callahan,300 F.Supp. 519 (S.D.N.Y. 1969).'" (emphasis added)). AlthoughLewis is silent on the procedural facts relating to activity in the trial court challenging venue, I infer from the Court's reliance on the aforementioned Comment that an objection to venue was made at trial, as was the case inIvey.