## SHIELDS v. BYRD.

1. To enable a party to revive a judgment of the court, by which he was compelled to submit to a *non suit*, it is not necessary it should appear in the judgment entry, that the *non suit* was taken in consequence of the judgment of the court, on a matter of law arising in the cause. It is sufficient, if the matter appears in a bill of exceptions.

2. When the notice sent up with the writ of error, is dated the day previous to the suing out of the writ of error, this court will intend that it is a clerical misprision, and will consider the writ of error amended.

3. A plea pleaded by its name, without consent to receive it in that form, is bad on demurrer.

4. When a defendant when applied to for a deed, denies having it in his possession, and expresses his belief that it is in the register's office, where an ineffectual search is made for it, and also in the office of a lawyer, who once had it in possession, a sufficient predicate is laid for proof of the deed, by a certified copy, and no notice to the party to produce the deed, is necessary.

Error to the County Court of Dallas. Before the Hon. A. J. Saffold, Judge.

THIS was an action of assumpsit, on the common and money counts, by plaintiff, as trustee of Clementina M. Walke, against the defendant in error. The record recites that, " the defendant, in short, by consent, pleads, 1st. Non assumpsit. 2d. Payment. 3d. Off-set. 4th. Tender. The plaintiff took issue on the first, second, and fourth pleas, and demurred to the third, and his demurrer being overruled, he replied to said

plea, " that the said Clementina M. Walke is a married wo-
man, and that the plaintiff is suing as the trustee of her sepa-
rate estate, for a monied demand." The defendant demurred
to this replication, and the demurrer was sustained by the
court. A bill of exceptions is found in the record, from which
it appears, that the plaintiff introduced as evidence a trans-
cript from the chancery court at Cahawba, shewing the ap-
pointment in June, 1847, of the plaintiff, as trustee of the
separate estate of said Clementina M. Walke, and a decree
in his favor, as such trustee, against one Jackson, the former
trustee, who had been removed, for $1680. The plaintiff
further proved the issuance of execution on said decree, the
collection of the money by the sheriff of Dallas, and the re-
ceipt by defendant, as the solicitor of record in the cause, of
$584 32 of said sum, on the 8th Sept. 1847. It was admit-
ted, that defendant had paid to Mrs. Walke, or by her order,
$176 95 of the amount received by him; that plaintiff had
made a demand of him for the balance before suit brought,
and that he had tendered him $11, which the plaintiff refused
to receive in full discharge of the demand. The husband of
Clementina M. Walke was introduced by the plaintiff, to
prove the loss of the deed of trust made by him for her bene-
fit, and stated, that he had placed the deed in the hands of
the defendant about two years ago, whilst the defendant was
acting as the solicitor of his wife in the said chancery cause;
that afterwards, and before the appointment of plaintiff as
trustee, the witness, then acting as the agent of his wife, had
called on defendant for it, who stated to him that the deed
was not in his possession, and he thought it was in the office
of the register; that the witness then applied to the register
for it, and after a search in his office, the register was unable
to find it there; that he also called on Lapsley & Hunter, at-
torneys at law, in whose possession the deed had once been,
and could obtain no information of it from them; that when
witness last saw the deed, it was in possession of defendant,
and that his relations with the plaintiff were such as satisfied
him, that he has never had it. The defendant stated to the
court, that he had had the possession of the deed, but had not
seen it in two years, and did not know what had become of
it; that when the witness, Walke, called on him for the

deed, this suit had not been instituted; that he had received no notice to produce it on this trial, and consequently, had not made diligent search for it, and that it might possibly be in his possession, without his knowing it. Upon this proof, the plaintiff offered to read a certified copy of the deed in evidence, but the court excluded it, and charged the jury, that the original deed of trust not being produced, the plaintiff could not recover. The plaintiff thereupon took a nonsuit, with leave to tender his bill of exceptions, and now assigns the several rulings, and the charge of the court, as error. The defendant also moves to dismiss the writ of error.

WATTS & JACKSON, for plaintiffs in error.

1. As to the demurrer to the plea of offset, a plea "in short by consent," must contain matter of substance. Gayle v. Randall, 4 Porter, 232; Saddler v. Fisher, 3 Ala. 200. No plea of offset could be admitted against the plaintiff in this suit, in his individual right: no offset could be admitted in the court at law, against the equitable plaintiff, Mrs. Walke. It is too clear for argument, that a debt due by Walke himself, could not be used against Mrs. Walke's trustee.

2. That a proper foundation had been laid to let in secondary evidence, see Morrow v. Campbell, 7 Por. 41; Swift v. Fitzhugh, 8 Por. 39; Jones et al. v. Scott, 2 Ala. 58; Sturdevant v. Gaines, 5 ib. 435; Sledge v. Clopton, 6 ib. 589.

3. The charge should have been given upon the proof, as shown by the bill of exceptions. The deed was not necessary. Byrd, the defendant, had collected the money as the solicitor in chancery for the plaintiff in this suit, suing as the trustee of Mrs. Walke, and it did not lie in Byrd's power to deny Shields's right to recover the money.

4. The act of 1846, concerning non-suits in legal proceedings, provides, "that in all cases, when it may be necessary for a plaintiff in any proceeding at law, to enter a non-suit, by reason of the determination of the court before whom such proceeding may be pending, upon a matter of law, it shall be lawful for such plaintiff to move the supreme court at the ensuing term, to set aside such non-suit, when the supreme court shall consider the points of law arising upon said non-suit, and set aside, or confirm, the same, as the law shall

be found." It is further provided, in the same act, "that if the record should not of itself discover the point upon which such non-suit may depend, such point, or points of law, shall be exhibited by bill of exceptions; and the party may have his writ of error, as in other cases in which writs of error are allowed by law." See Acts of '45-6, p. 35.

5. The bill of exceptions shows that the non-suit was taken in consequence of the determination of the court upon a matter of law, and that the non-suit was not voluntary.

6. If the notice should be considered defective, we move for another to issue out of this court.

7. If it is considered, that a formal motion to set aside the non-suit is necessary, it is asked that this may be considered as a motion. But it is insisted, that no formal motion is necessary; that the assignment of errors is a sufficient motion; and this is in accordance with the practice of the court under this statute. McCall v. Sinclair, 14 Ala. 764.

Evans, contra. The defendant moves to dismiss the writ of error, because—

1. The record does not show such a case as authorizes writs of error to be sued on it. It does not show that it was necessary for the plaintiff to enter a non-suit, by reason of the determination of the court upon matters of law, &c. See act of 4th February, 1846. The judgment should show this, otherwise, it is a voluntary non-suit. The judgment does not show this; and if it were competent to refer to the bill of exceptions to supply this omission, which we deny, still it could be only by inference and conjecture, that this fact could be deduced from the statements in the bill of exceptions. A bill of exceptions is allowed by the statute for a particular purpose, viz., to exhibit the point relied on by the plaintiff, when the record does not show it. See act of 1846, supra. The only motion in this court, is to "set aside the non-suit," and all the court can do, is to set aside or confirm. As no such motion is made, we move here to strike out the assignments of error, and to dismiss for want of proper motion.

2. There is no notice to defendant: the notice in the record was issued and served on the 21st day of December, 1848—the writ of error was issued on the 22d. There was

no such cause as described in the notice when it was issued and served, and it was consequently a nullity. In respect to the evidence offered to authorize the reading of a copy of the deed, it was clearly insufficient. The absence of the original was not sufficiently accounted for. In respect to the materiality of the deed, it appears, that the plaintiff himself deemed it material—offered voluntarily to prove its contents—we cannot say, in the present aspect of the case, as presented by the bill of exceptions, that the deed was unnecessary, or that the action could be sustained without it. Nor does it appear, that the non-suit had any thing to do with the ruling of the court upon this point. It does not appear that the non-suit was the consequence of such ruling.

CHILTON, J.—1. Although the judgment entry does not show that the plaintiff took the non-suit in consequence of the ruling of the court against him, in the exclusion of the copy of the trust deed, yet we think it very clear, that under the act of 1846, (see pam. acts '45-6, p. 35,) it is not indispensable that the fact should appear in the bill of exceptions. Here, it is sufficiently made to appear by the bill of exceptions, which, after reciting the rejection of evidence material to the plaintiff's recovery, states, that "thereupon the plaintiff took a non-suit." The motion to dismiss the writ of error must therefore be overruled.

2. As to the insufficiency of the notice, being dated the day previous to the date of the issuance of the writ of error, we must intend this was a clerical misprision, and as the writ of error is amendable, we must regard it as amended.

3. Turning to the points presented by the assignment of errors, we think it clear, that the decision of the county court overruling the demurrer to the plea of set-off, pleaded as it is, merely by name, cannot be sustained. The plaintiff had a right to have the plea formally, or rather substantially pleaded, if he insisted upon it, and it is peculiarly proper, in cases of this sort, when the party desires to be advised of the special matter relied upon, that it should be substantially averred. There was no consent on the part of the plaintiff to receive the plea as it was pleaded, and it was clearly errone-

Shields v. Byrd.

ous to hold it good. See Strange v. Powell, at the present term, and authorities on the brief of plaintiff's counsel.

4. We regard the predicate which was laid for the introduction of the secondary evidence of the deed from John M. Walke, as entirely sufficient. The deed was shown at one time, (and the last time it was seen by the witness,) to have been in the custody of the defendant, who was the solicitor of the party beneficially interested under it. He was called on for it some time before the commencement of this suit, and replied that he did not have it, but thought it was in the register's office. The register's office was searched, and it could not there be found, and other efforts were made to procure it, but proved ineffectual. Under such circumstances, it was not incumbent on the plaintiff to have notified the defendant to produce the deed; but he might rest upon his statement, that he did not have it, and having searched for it diligently, where it was supposed it would probably be found, the secondary evidence was legitimate. No presumption can arise in this case, that the original deed is improperly withheld, and in such cases, the rule does not exact such a rigid search and examination, as when a contrary presumption may be indulged. Jones v. Scott, 2 Ala. Rep. 61. The defendant, having been the solicitor of the party in the management of business connected with the deed, or requiring him to have it, is to be presumed acquainted with its contents, and if the copy tendered was incorrect, and he was mistaken in informing the agent of the beneficial plaintiff, that the deed was not in his possession, he should have taken some steps to have procured it. At all events, the plaintiff cannot be prejudiced by his mistake, if there was one, as to the possibility of finding the deed in his possession, upon search being made. He dispensed with the search in his office, by the declaration, and search was duly made, where it was supposed the instrument was. See Sturdevant v. Gaines, 5 Ala. Rep. 439; Sledge's adm'r v. Clopton, 6 Ala. Rep. 589, 604; Bright and Ledyard v. Young and Winslett, at the last term.

For these errors, the judgment must be reversed, and the cause remanded.