# Laster *et al. v.* Blackwell *et al.*

## *Action of Ejectment.*

1. *Non-suit; appeal; when rulings reviewed.*—In order to get a review of rulings below after a party has suffered a non-suit under the statute (Code, § 614) it must appear that the non-suit was taken in consequence of such ruling, but it is not necessary that the record contain an express statement to that effect.

2. *Ejectment; evidence; harmless error.*—Evidence offered by plaintiffs in ejectment of acts of ownership on the part of persons under and from whom plaintiffs asserted no title can be of no benefit to plaintiffs, and its rejection therefore works no injury.

3. *Same; same; hearsay.*—In an action of ejectment declarations made by parties not in privity with defendants constitute hearsay testimony and are inadmissible.

4. *Same; same.*—In ejectment it is improper to ask a witness for the reason why he did not buy the land in suit.

5. *Same; proof of deed; presumption of possession.*—Where a deed is made to one person for life, remainder to life tenant's children, there is no presumption that the remainder-men have possession of the instrument; and the failure of any of them to testify that it is not in their possession does not of itself prevent proof of its loss.

6. *Same; same; what must be shown to prove lost deed.*—The general rule is that a party relying upon proof of a lost deed must account for the failure to produce it and establish the fact that it was lost by proof of diligent search where it is most likely to be found, together with evidence of the particular nature of the search made; but where it appears that its custodian was a third person who cannot be compelled to produce it, the rule is relaxed, though enough must be shown to reasonably satisfy the court that it is not voluntarily withheld by the party offering to prove it.

7.  *Same; same; preliminary proof of loss before evidence of contents.*—It is proper to refuse proof of the contents of a lost deed in advance of the preliminary proof of loss or inaccessibility.

8.  *Same; same; secondary evidence.*—A question which calls for evidence of the existence, execution and whereabouts of a deed is improper where it also calls for oral statements of conclusions as to its contents.

9.  *Same; same; to what witness may testify.*—In the proof of the contents of a lost deed it is not necessary for the witness to recall the language, its substance being sufficient, nor does the fact that his knowledge is derived from hearing it read rather than from his own inspection, render his testimony incompetent, though it may affect its credibility.

10.  *Same; same; what evidence necessary.*—Secondary evidence of the contents of a lost deed must be such as furnishes satisfactory proof of its substantial parts.

11.  *Same; same; case at bar.*—In an action of ejectment brought by the plaintiffs as remainder-men under a deed executed by S. and wife to L. for her life remainder to her children, it appearing that said deed had been lost, plaintiffs offered the testimony of the widow of the grantor to the effect that she and her husband made a deed to L.; that her husband wrote the deed and she signed it with him, and that it was made to L. during her life and was to go to her children after her death, also the testimony of another witness that she heard the deed read, that it was made by S. and wife to L. for life, remainder to her children in 1858 or 1859 conveying title to certain described land, signed by S. and witnessed by H. and P., and the testimony of another that he saw the paper writing of S. to L., that he couldn't remember all the contents but it contained the "stuff" that is in all deeds and then went on to say "that it was to Eliza Laster for her life and at her death to her children." *Held:* That this proof made out a *prima facie* case of the contents of the deed under the statute (Code, § 983; Code of 1852, § 2198) dispensing with the formal parts of a deed and giving effect to the intention of the grantor.

APPEAL from the Gadsen City Court.

Tried before the Hon. JOHN H. DISQUE.

This was an action of ejectment brought by the appellants against appellees. Plaintiffs claimed title under a deed alleged to have been executed by Micajah Sanson and wife to Eliza Laster for life with remainder

to her children, who are plaintiffs. This deed was claimed to have been lost and after preliminary proof of this fact plaintiffs offered evidence of its contents, the facts relating thereto being sufficiently stated in the opinion. When the evidence for the plaintiffs closed the defendants offered none, but moved to exclude all the testimony in behalf of the plaintiffs. This motion was granted. To this action of the court the plaintiffs excepted and thereupon suffered a non-suit, "reserving the right of appeal to the Supreme Court, upon the errors complained of." The other facts are sufficiently stated in the opinion.

GRIGSBY E. THOMAS, JR., N. G. CANNING and B. F. HURST, for appellants.

JAMES AIKEN and DORTCH & MARTIN, for appellees.

SHARPE, J.—This action is in ejectment and was tried without a jury. Rulings adverse to the plaintiffs and excepted to by them were made during the production of their testimony having effect to exclude parts of it, and at the close of their evidence the whole of it was excluded on motion of defendants. To this ruling also the plaintiffs excepted and thereupon took a non-suit.

Objection is advanced by appellees to the consideration of the several assignments of error on the ground that it is not shown that the non-suit was caused by the several rulings.

On appeal after a non-suit under the statute, to bring up rulings of the court for review, it must appear that the non-suit was in consequence of those rulings, but it is sufficient if the record establishes that fact, though there be no express statement of it.—*Shields v. Byrd,* 15 Ala. 818; *Downs v. Minchew,* 30 Ala. 86.

The assignments of error relate alone to rulings in the exclusion of evidence and exceptions having been reserved to each, a fair construction of the bill of exceptions sufficiently indicates that the non-suit was in consequence of those rulings cumulatively. They will accordingly be considered.

The plaintiffs are described in the complaint as children and heirs at law of Eliza Laster, deceased, but the proof shows that they do not derive title from her since they introduce a conveyance of the land in fee by Eliza Laster to Kyle and Moragne which left no inheritable interest in her, whatever her interest may have been before that conveyance.

Inferably from the character of the evidence offered by them, the plaintiffs sought to show that their mother had only a life estate under a deed made by their grandfather, Micajah Sanson, at some time between 1850 and 1860 conveying the land to her for life and thereafter to the plaintiffs, so that their right arose after her death as remaindermen by virtue of the supposed deed.

The plaintiff's claim not coming through their mother would not have been strengthened by proof that she, or subsequent grantees whose title depended upon hers, ever bought, sold, owned or had the land in possession, and plaintiffs suffered no injury from the exclusion of evidence tending only to show such facts.

The defendants were not shown to be in privity of estate with any of those grantees or with Micajah Sanson and any statements made by them were as to defendants mere hearsay and inadmissible.

Questions to witnesses calling for reasons why they did not buy the land were improper.

The supposed deed was not produced, and in the establishment of their claim of title, it devolved upon the plaintiffs primarily to account for its non-production. There is evidence tending to show the execution of a deed from Micajah Sanson to Eliza Laster and to trace its custody as passing to Kyle and subsequent grantees successively until it reached Lifus and Litner Littlefield and to show it was found after a search by Litner and the widow of Lifus Littlefield, though the character or the extent of their search is not shown. There is also evidence negativing its custody by two of the plaintiffs and by others who might be supposed to have such custody.

The facts do not raise a presumption or probability that plaintiffs ever had the deed, and it is therefore im-

material that two of them who are not shown to have been present at the trial were not examined to explain its absence.—*Beard v. Ryan,* 78 Ala. 37.

As a general rule if the loss of a paper is relied on to account for its non-production, the fact of loss is not established without proof of diligent search where the paper is most likely to be found.—1 Green. Ev. § 558; *Bogan v. McCutcheon,* 48 Ala. 493; *Donegan v. Wade,* 70 Ala. 501. And the particular character of the search must be shown.—*Calhoun v. Thompson,* 56 Ala. 166.

Where it appears that its custodian was not the party seeking its probate, but was a third person, who cannot be compelled to produce the paper, the rule will be relaxed as to diligence of search, but enough should be shown to reasonably satisfy the court that the paper is not voluntarily withheld by the party offering to prove it.—*Mordecai v. Beal,* 8 Port. 529; *Shields v. Byrd, supra.*

The proof of this branch of the case was sufficient to explain the absence of the original instrument and it seems that the trial court so accepted it, and proof of the contents of the paper was thereafter received. Evidence as to the contents of the deed offered in advance of the preliminary proof of loss or inaccessibility was properly disallowed.

Some questions were addressed to witnesses concerning the existence, execution and whereabouts of the deed but which in form called also for oral statements of conclusions as to its contents. They as well as certain statements in depositions having a like fault, were improper.—*Steed v. Knowles,* 97 Ala. 573.

It appears that after objections to certain interrogatories were sustained the answers to the same interrogatories were introduced and it does not appear that they were excluded except under the motion to exclude the whole evidence and it is only in connection with that motion that those objections will be considered.

Though a witness may be unable to recall the language of a lost paper he may be allowed to state its substance if remembered.—*Potts v. Coleman,* 86 Ala.

94. And, the fact that his knowledge is derived from hearing the deed read instead of his own inspection does not render his testimony incompetent, however its weight may be affected by that circumstance.—*Morris v. Swaney,* 7 Heisk. 591; *Apperson v. Dowdy,* 82 Va. 766; *Everett v. Everett,* 41 Barb. (N. Y.) 385.

Mrs. Sanson, widow of the supposed grantor, deposes that she and her husband made a deed to Eliza Laster, that her husband wrote the deed and she signed it with him and that it "was made to her (Eliza) during her life, then it was to go to her children after her death."

Mrs. Johnston testifies, "My grandfather Micajah Sanson deeded this land to my mother Eliza Laster for her life and at her death to her children.   *   *   * All I know about the deed is, I heard Mr. J. L. Harris a witness to the deed read it to my mother. It was made by Micajah Sanson and wife to Eliza Laster; made in 1858 or 1859, conveying the title to the S. W. ¼ of S. W. ¼ Sec. 32, T. 11, R. 6 east to Eliza Laster and signed by Micajah Sanson, and witnessed by J. L. Harris and Henry Pickens. There was no other person's name in the face of the deed."

Wm. Laster says in his testimony, "I saw the paper writing of Micajah Sanson to Eliza Laster.   *   *   * My grandmother called my attention to it the day it was turned over to Mr. Kyle, and to its contents. It was a long time ago. I can't remember all of the contents of the paper now; it had in it the amount of stuff that is in all deeds and then it went on to say, 'that it was to Eliza Laster for her life, and at her death to her children.' The deed called for forty acres more or less."

To supply the place of a lost deed by secondary evidence the proof must be such "as to furnish satisfactory evidence of its substantial parts."—*Potts v. Coleman, supra; Shorter v. Sheppard,* 33 Ala. 648. The sufficiency of the proof must be judged of under our statute which dispenses with formal parts of a deed including the sale and provides that "any instrument in writing signed by the grantor or his agent having a written authority is effectual to transfer the legal title to the

grantee if such was the intention of the grantor to be collected from the entire instrument."—Code of 1896, § 983; Code of 1852, § 2198. For a recent application of the statute see *Interstate B. & L. Asso. v. Agricola*, 124 Ala. 474, and *Wisdom v. Reeves*, 110 Ala. 418.

The statements of witnesses quoted above must be taken as competent testimony and in view of the statute referred to we are of the opinion that they evidence *prima facie* a conveyance such as the plaintiffs contend for and such as may establish their right to succeed in the suit.

For the error in excluding the entire evidence the non-suit will be here set aside and the cause will be remanded.