# Singer Sewing Machine Co. v. Henderson.

### Damages for Breach of Condition of Bond.

(Decided June 30, 1911.  56 South. 108.)

1. *Dismissal and Non Suit; Cause for Taking; Record; Bill of Exceptions.*—Sec. 3017, Code 1907, does not require that rulings resulting in a non suit be shown by bill of exceptions when the ruling sought to be reviewed is on a matter appearing from the record proper.

2. *Detinue; Bond; Liability.*—When a sheriff returns a writ of detinue after seizing part of the property mentioned therein the writ becomes functus officio and any further seizure thereunder is a trespass; hence, a bond executed for the release of property seized under such a returned writ is without consideration, although given under seal.

APPEAL from Pike Law and Equity Court.

Heard before Hon. T. L. BORUM.

Action by the Singer Sewing Machine Company against J. M. Henderson on detinue bond. Judgment for defendant, and plaintiff appeals. Affirmed.

Plea 1 is as follows: "The bond sued on in this case is void because the same was executed by the defendant for the forthcoming of property seized by the sheriff on a writ which did not justify him in seizing the same, and his act of seizure thereof was a trespass, in this: Said writ was a writ of detinue issued out of the law court of Pike county, Alabama, on, to wit, the 5th day of February, 1910, and returnable on the 19th day of

February, 1910, on which day said cause was continued for trial on the 5th day of March, 1910. Said writ was executed by the sheriff on the 9th day of February, 1910, by the seizure of a part of the property mentioned in the writ, and on that day the sheriff made his returns to the court whence the same issued. And defendant alleges that subsequently, after said return, and after the day when the same was returned, and without the issuance of a new writ, and without an order of any court, but as an attempt further to execute the same writ, which had been executed and returned, the sheriff seized the property mentioned in the bond sued on, and in order to obtain release of said property from the tortious seizure and possession of the sheriff, said bond sued on was executed. Wherefore defendant alleges that said bond was given without authority of law and without consideration, and is null and void."

The plaintiff filed the following demurrers to the plea: "(1) The defendant, having executed the bond sued on and thereby obtained the possession of the property named therein, is estopped from denying the validity of said bond. (2) Said plea is no answer to this suit. (3) Said plea fails to allege any fact showing that defendant executed said bond in order to obtain a release of the property from a tortious seizure. (4) Said plea shows that the case was continued in order that the sheriff might complete the levy."

A. G. SEAY, for appellant. The court erred in overruling demurrers to the defendant's plea.—20 A. & E. Enc. of Law, 1089. Having executed the bond, the defendant is estopped from denying its validity.—Dec. Dig. 32 (4 & B.) Title Estoppel; 17 So. 930; 34 Cyc. 1456; *Mead v. Figh*, 4 Ala. 279; *Adler v. Potter*, 57 Ala. 571. Defendant obtained the benefit and is, therefore,

[Singer Sewing Machine Co. v. Henderson.]

estopped to deny the validity of the bond.—Authorities supra, and *Leach v. Karthaus,* 135 Ala. 396; *McLean v. Wright,* 137 Ala. 644; *Easley v. Walker,* 10 Ala. 671; *Mitchell v. Ingram,* 38 Ala. 395; *Jemison v. Cozens,* 3 Ala. 636; *Brown v. Hamil,* 76 Ala. 506; *Munter v. Reese,* 61 Ala. 395; *Young v. Broxon,* 23 Ala. 684.

FOSTER. SAMFORD & CARROLL, for appellee.   A bill of exceptions has no place in this case because the rulings on demurrer to pleas can only be reviewed on the record.—*Dana v. Crew,* 137 Ala. 617.   It, therefore, makes no difference what the bill of exceptions recites.—*Tate v. McCreary,* 21 Ala. 499.   It, therefore, appears that the appeal should be dismissed because taken from a voluntary non-suit.   The court properly overruled demurrers to the pleas.—1 Freeman on Exe. 232; 17 Cyc. 1081; *Counts v. Harland,* 78 Ala. 551.

PELHAM, J.—The judgment entry in the record in this case recites an order of the court overruling plaintiff's demurrers to defendant's plea No. 1, and the further recital:   "And the plaintiffs make known to the court that they will take a nonsuit in this case with a bill of exceptions.   It is considered and adjudged by the court that a nonsuit be entered in this case, with a bill of exceptions."

The provisions of section 3017 of the Code of 1907, providing for the sufferance of a nonsuit, do not require a bill of exceptions when the rulings complained of and which it is sought to review are matters which appear from the record proper; a bill of exceptions is only necessary when the nonsuit is suffered in consequence of adverse rulings on matters not otherwise appearing of record.   If it appear that the nonsuit was suffered in consequence of the ruling of the trial court

on matters that appear in the record proper, and the purpose of bringing them up for review, this is sufficient, and it is not necessary that there be an express statement to that effect.—*Laster et al. v. Blackwell, et al.*, 128 Ala. 143, 30 South. 663. It is sufficiently shown that the nonsuit was suffered by appellant (plaintiff below) to review the adverse ruling of the trial court in overruling plaintiff's demurrer to defendant's plea No. 1.

Defendant's plea No. 1 sets up want of consideration of the bond sued upon. Under section 5324 of the Code of 1907, the defendant is given the right by plea to impeach or inquire into the consideration of an instrument under seal in the same manner as if it was not under seal. The demurrers to the plea confessed the facts set up by it, and they were sufficient to constitute a good defense to the action on the bond. The demurrers but tended to confuse the issues, and were properly overruled. The sheriff having made a return of the writ in detinue, the writ became functus officio, and all further acts in attempting to execute the writ upon the part of the sheriff were without warrant or authority of law. He had no authority to do anything further looking to an execution of the process after its return, and his acts under such circumstances would be those of a trespasser. His authority under it ceased upon making a return of the writ, and any seizure made after that time was as much without authority in law as if no writ existed. The seizure being without authority, the plaintiff had a right to the goods without giving bond, and consequently the bond executed was, under the facts set up in the plea, wholly without consideration. The case of *Counts v. Harlan*, 78 Ala. 551, is in point and decisive of the issues presented. The distinguishing difference between this case and the cases cited and

[Murphy v. Williams.]

relied upon by counsel for appellant lies in the fact that in all of those cases there was a consideration underlying the bonds sued upon.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.