(94 South. 279)

**LOYD et al. v. CHRISTIAN. (6 Div. 587.)**

(Supreme Court of Alabama. Oct. 26, 1922.)

**I. Lost instruments ⟨⟩8(3) — Testimony of notary held sufficient proof of execution of a lost deed.**

Testimony by a notary that a deed was acknowledged, signed, and delivered in his presence, and as to the contents thereof, *held* sufficient to establish the execution, though the deed had since been lost.

**2. Evidence ⟨⟩183(15)—Facts held to warrant secondary evidence as to the execution of a deed.**

Evidence that a deed from a deceased grantor to his daughter could not be found after diligent search was made among his papers *held* to warrant the introduction of secondary evidence as to its due execution and contents.

**3. Descent and distribution ⟨⟩82—Rights under lost deed held not forfeited by agreement made without knowledge of rights.**

Where the grantee in a lost deed from her father, after her father's death, agreed to a sale and division of all his real property, including the land deeded to her in the lost deed, without knowledge of her rights under such deed, *held*, that she had not thereby forfeited such rights.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by Lillie B. Christian against Emmett Loyd and others. From a decree for complainant, respondents appeal. Affirmed.

See, also, Christian v. McConnell, ante, p. 300, 94 South. 280.

F. E. St. John, of Cullman, and Brown & Denson, of Birmingham, for appellants.

Complainant, having a pecuniary interest in the result of the suit, was incompetent as a witness to testify as to a transaction with A. W. Loyd, whose estate is interested. Code 1907, § 4007; 152 Ala. 248, 44 South. 552; 136 Ala. 562, 33 South. 939; 131 Ala. 438, 31 South. 77. Where proof of loss of an instrument is required as the foundation for introduction of secondary evidence, every reasonable effort which might have resulted in its production should be shown to have been made without avail. 152 Ala. 255, 44 South. 417; 102 Ala. 78, 15 South. 341; 48 Ala. 493; 70 Ala. 501; 56 Ala. 166, 28 Am. Rep. 754; 128 Ala. 143, 30 South. 663. The mere manual passing of the deed does not establish delivery. So long as the grantor reserves to himself the locus penitentiæ, there is no delivery; and so long as the conveyance is not placed beyond the grantor's control, his right of revocation is not gone. 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17; 148 Ala. 239, 42 South. 554; Devlin on R. E. (3d Ed.) 395. To maintain the bill it was necessary for complainant to aver and prove peaceable possession of the land under claim of right. 167 Ala. 494, 52 South. 593; 155 Ala. 513, 46 South. 450; 145 Ala. 244, 39 South. 578; 128 Ala. 579, 30 South. 60; 176 Ala. 138, 57 South. 706; 142 Ala. 486, 38 South. 242.

Sample & Kilpatrick, of Cullman, for appellee.

<hr>

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Delivery of the deed was established. 175 Ala. 659, 57 South. 458; 130 Ala. 450, 30 South. 500; 122 Ala. 510, 26 South. 152. Secondary evidence was admissible. 128 Ala. 143, 30 South. 663.

GARDNER, J. Statutory bill to quiet title to a certain 40 acres of land situated in Cullman county, filed by appellee against the appellant, and the cause having been submitted for final decree on pleadings and proof resulted in a decree for the complainant, from which the respondents have prosecuted this appeal.

Complainant was the youngest daughter of A. W. Loyd, deceased, and resided continuously with her parents upon the land in controversy, with the exception of a few months following her marriage. The father died in 1919, and the mother is also dead. Complainant with her brother and two sisters, who are the respondents, constitute the sole heirs of said A. W. Loyd.

[1] Complainant's claim of title is rested upon the theory that her father and mother in 1905 executed and delivered to her a deed to this 40, with retention of a life estate in said A. W. Loyd, which deed has been lost or destroyed; and the result of this appeal turns upon a determination of the question of fact thus presented. While complainant testifies to the execution and delivery of this deed by her father, yet she was disqualified under the statute, and objections having been seasonably interposed her testimony upon that question must be disregarded. There was, however, competent proof upon this vital issue in the testimony of one Oaks, who was the notary public before whom the deed was acknowledged, and who testified that he prepared the deed at the request of A. W. Loyd, and that it was duly signed, acknowledged, and delivered to complainant in his presence. Witness Oaks also gave in substance the contents of the deed, and stated that the reservation of the life estate to A. W. Loyd was placed in the deed at his [Oaks'] suggestion. He had been a neighbor and friend of the Loyds for a number of years, and had frequently advised Loyd in regard to business affairs. He is without interest in the result of this litigation. J. C. McConnell, the husband of one of the respondents, states that, so far as he knows, "everybody thought well of Mr. Oaks in that community," and nothing is here presented against his character, nor any motive shown for him to testify falsely.

We have carefully noted the attack upon the testimony of witness Oaks, but a study of his evidence in connection with all the surrounding facts and circumstances impress us with the truthfulness thereof. We are persuaded of the execution and delivery of this deed.

[2] Counsel for appellant insist, however, that the proof was insufficient to admit of secondary evidence in regard to this deed. There was proof by appellee [complainant] the deed was lost, and that diligent search was made among the papers left by A. W. Loyd and in all places where he kept papers of that character, and that the deed was not found. The argument, however, seems to be rested upon the theory that the deed was traced into the possession of J. C. McConnell, and that it should have been proven that said McConnell did not now have the deed in his custody.

We are of the opinion, however, that this deed never reached the hands of said McConnell. It was not among the papers taken from the trunk and handed to Emmett Loyd (so the latter testified), and while complainant seems to have handed McConnell some papers (among them the will of A. W. Loyd), yet we think it is evident that this deed was not among those papers, for McConnell himself testified he never saw the deed. Furthermore, one of the respondents, Mrs. Willie McConnell, testified, without objection, on cross-examination that her father and mother told her the deed had been destroyed; and, indeed, the insistence as to the loss or destruction of this deed appears inconsistent with the position assumed by the respondents in the court below when the evidence was being adduced, each of them insisting that their father had stated the deed had been destroyed. The proof was sufficient to authorize secondary evidence as to the contents of the deed. Laster v. Blackwell, 128 Ala. 143, 30 South. 663.

[3] That the complainant was in peaceful possession under claim of right at the time of the filing of this bill, so as to justify the relief granted, appears to be well established. For many years subsequent to the execution of the deed, A. W. Loyd appears to have assessed this land for taxation in complainant's name; but, as the deed reserved a life estate, his continued management and control of the property in no manner affected complainant's rights. Nor are her rights affected by the fact that after the death of her father she agreed with the other heirs to a sale of the entire estate, including this 40 acres, for division. She knew the deed was lost, and had been informed that it had been destroyed by her father, and her testimony discloses that when this agreement was made she had not consulted counsel, and was not aware of her rights in the premises. But a discussion of the evidence is not intended, nor is a detailed consideration of the objections to evidence deemed necessary, for we may brush aside the testimony objected to by respondent, excepting, of course, the objections to that of witness Oaks, which was manifestly correct, and we are yet persuaded that the decree of the court below is

correct and should be here affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.