(124 So. 92)
### CLARK v. CARTER. (8 Div. 94.)

Supreme Court of Alabama. Oct. 10, 1929.

J. Foy Guin, of Russellville, for appellant.

Williams & Chenault, of Russellville, for appellee.

BOULDIN, J. Bill to foreclose a mortgage on lands. The only issue is payment vel non.

■ The note and mortgage, evidences of the debt, were at the time of filing the bill in possession of the defendant, the maker. This was prima facie evidence of payment. Potts v. Coleman, 86 Ala. 94, 5 So. 780.

■ In his decree the trial court found "that the respondent, Tom E. Clark, has failed in his proof of payment of said note and mortgage."

Appellant conceives this announcement discloses a misplacing of the burden of proof, and argues the decree should be reversed for this reason.

The quoted statement does not necessarily mean that the court misplaced the burden. The applicable rule in that regard is not mentioned.

Probably the court meant no more than to find, on the whole evidence, the defense of payment was not sustained.

The evidence not being heard orally before the court, we indulge no presumption in favor of his finding. In such case, we need not inquire whether he was in error in misplacing the burden. We must consider the case de novo. If the decree was correct, it should be affirmed.

■ At the time the note matured, it was held by Tennessee Valley Bank at Russellville. Payment is claimed to have been made to that bank in money on the day following its maturity. Each and every officer and employé of the bank deny payment, any record of payment, of cash out of balance, or of any misplacement of credit giving any suggestion of payment. Still, they cannot account for the note and mortgage passing out of the bank into the hands of defendant.

The note was not stamped paid in the usual way, but note and mortgage appear with signatures clipped or torn off. This, however, seems to have conformed to a habit of Mr. J. C. Carter, manager of the bank, and probably pursued on payment of a former note secured by the same mortgage.

Plaintiff, however, admits no payment was made to Mr. Carter. His testimony is narrowed to two young men in the bank. Only a few weeks after the alleged payment, defendant appeared in response to a demand for payment, and, on making claim that he had made payment and had the papers at home, was confronted by these tellers, and declined to identify, either as the man to whom payment was made. He does not still name the man.

Another circumstance of weight is in the alleged means and manner of payment. The debt of $316 was contracted September 10, 1927. Two notes were given, one for $100, due 20 days later, the other for $216, including interest, due one year. This is the note in suit.

Defendant was a farmer. The first note matured about crop-moving time of the same year; the second was postponed to another crop season. Now, plaintiff claims he had the money at home to meet this note for about a year before maturity. He shows no unexpected income received. Why postpone and pay

interest for a year, if money was in hand or in immediate prospect from crops, etc.?

Besides, he had a bank account in another bank. He borrowed from that bank in three small sums through the spring and summer to carry on his operations. Why so, if money was in hand? Details will not be further pursued.

On the whole evidence, we are at the conclusion that the note has not been paid. So finding, the decree of the court below is due to be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.