173 So. 505

### GREER v. GULLETTE et al.

### 8 Div. 774.

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

Wm. L. Chenault, of Russellville, for appellant.

R. T. Simpson, of Florence, for appellees.

GARDNER, Justice.

This appeal involves but a single question of fact, that is, the payment vel non of a mortgage on real estate executed in 1924 by complainants to defendant and her husband, since deceased.

Appellant states the general rule as to the burden of proof resting upon the party alleging payment. 48 Corpus Juris 680. But here the obligor is in possession of the mortgage and notes, and produced them at the trial. The proof suffices to raise a rebuttable presumption that the indebtedness evidenced thereby has been paid. 48 Corpus Juris 687.

Many illustrative cases are found in the note to Dencer v. Jory, 70 A.L.R. 885, among them a number from this State, including Clark v. Carter, 220 Ala. 54, 124 So. 92.

And it is clear enough from the proof that defendant has failed to overcome this prima facie showing of payment. Complainants, the obligors, have had possession of these papers for ten,

80

years, when, according to the proof they were paid at the bank where the obligations on their face were payable. And it very satisfactorily appears that during all of this period of time no demand for payment was made by the obligee. But this is not all. The first note is marked paid, and the others contain a transfer to complainants purporting to be signed by the obligees. True defendant denies signing, but ample proof was offered that the signatures thereto were the genuine signatures of defendant and her husband. Good reasons for desiring the transfer are shown, all of which was under supervision of complainants' attorney. But we deem it unnecessary to elaborate on that question, or to further indulge in discussion of the proof.

We consider it a clear case on the facts in harmony with the finding of the chancellor, and the decree granting relief is here due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.