13 So.2d 578

### SMITH v. SMITH.

5 Div. 374.

Supreme Court of Alabama.

May 20, 1943.

Will O. Walton, of Lafayette, for appellant.

R. C. Wallace, of Lafayette, for appellee.

LIVINGSTON, Justice.

Statutory ejectment brought by Brinkley Smith, appellant here, against Myrtle Smith, appellee, to recover possession of lands described in the complaint. Plea, the general issue. Appellee is the widow of R. A. Smith, deceased.

The issue tried turned on the question as to whether or not a certain mortgage executed and delivered by R. A. Smith and wife to appellant on February 7, 1931, securing the payment of $500, had been paid and satisfied in full, or had been properly foreclosed for nonpayment. It seems to be conceded that if the mortgage was paid and satisfied in full, appellant must fail.

The cause was tried on testimony ore tenus before the lower court without a jury.

Admittedly, R. A. Smith and wife executed and delivered the mortgage in question, and R. A. Smith died on November 29, 1938.

Appellant testified that the mortgage was never paid, that the original mortgage had been lost and that he could not locate it after diligent search. He introduced in evidence a certified copy thereof, and an auctioneer's deed conveying the lands involved to him on April 1, 1939.

For appellee, Warren Smith testified that he was a brother of Bob Smith (R. A. Smith, deceased), and that he attended to Bob Smith's business from 1931 to 1937. He further testified, "I know that my brother, Bob Smith, gave a mortgage to Brinkley Smith in 1931. That mortgage was paid." A mortgage torn into several separate pieces was introduced in evidence by appellee. On the mortgage (when the several pieces are put together) appears the following: "Paid 1933 by R. A. Smith." Warren Smith further testified, "Those parts of a paper which purports to be a mortgage is the mortgage he gave Brink Smith for $500.00 * * * and after he settled he brought it home."

Mrs. J. A. Hines, a witness for appellee, testified: "I was working in the probate office in 1933, that is my handwriting (the handwriting on the torn mortgage)." In answer to the question, "This mortgage was recorded, according to those dates and

things on it, was it not?" She replied, "Well, the date is shown on it. That is our filing, and I am sure it was."

The torn mortgage purports to have been acknowledged before W. P. McGenty, Justice of the Peace. Mr. McGenty testified that the signature affixed to the acknowledgment was not his.

Where evidence is taken ore tenus before the trial court without a jury, his findings as to the facts will not be disturbed by this court unless palpably wrong. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

We have no hesitancy in holding that, in agreement with the finding of the trial court, the torn mortgage is the original mortgage on which appellant relies for a recovery. It was in possession of appellee, the widow of the maker. The possession of a mortgage by the maker, or the fact that it is found among his papers after his death, is presumptive evidence of its payment. Potts v. Coleman, 86 Ala. 94, 5 So. 780; Clark v. Carter, 220 Ala. 54, 124 So. 92. This, coupled with the statement of Warren Smith that the mortgage was paid, is ample evidence upon which to sustain the finding of the trial court that the mortgage was paid in full.

Warren Smith was not disqualified within the meaning of section 433, Title 7, Code of 1940, to testify in the case.

Finding no error in the record, the case is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.