208 So.2d 926

Houston BAILEY

v.

Mildred THOMAS.

4 Div. 231.

Supreme Court of Alabama.

April 11, 1968.

Ben H. Lightfoot and Kettler & Kettler, Luverne, for appellant.

Alton L. Turner, Luverne, for appellee.

COLEMAN, Justice.

The respondent, the mortgagee, appeals from a decree granting relief to complainant, the devisee of the mortgagor, on complainant's bill seeking to enjoin foreclosure of the mortgage and to declare that it has been paid in full and satisfied.

In her bill of complaint, complainant averred that she is sole devisee under will of Cad S. Bailey, deceased, which was admitted to probate in 1962; that testator owned the land conveyed by a certain mortgage executed by testator to respondent on October 5, 1935, and duly recorded; that the due date of the mortgage was January 1, 1936; that respondent is threatening to foreclose the mortgage; and that the mortgage debt has been paid in full.

Respondent filed answer and cross bill in which he averred that the mortgage debt was past due and unpaid.

The error complained of is that the trial court erred in finding that the mortgage debt had been paid.

Three witnesses testified. Among other things, complainant testified that she is the niece of the mortgagor; that he died in 1962; that prior to his death, complainant held joint occupancy of a safety deposit box with mortgagor; that he rented the box; that everything in the box belonged to mortgagor; that, two days after mortgagor's death, she found the mortgage in question in the box, together with other papers; that respondent did not discuss the mortgage with complainant prior to institution of foreclosure proceedings and that her first knowledge of any claim of a mortgage indebtedness was when the foreclosure began.

Respondent testified that the balance due on the mortgage was $2,400.00 plus interest; that he had loaned the money to mortgagor when respondent was away from home; that mortgagor was respondent's uncle; that mortgagor executed the mortgage, recorded it, and retained it until respondent came home on vacation when respondent read it and told mortgagor to keep it until respondent was settled at a more permanent place of abode; that the only payment ever made on the mortgage was the payment of $100.00 as indicated by a receipt signed by respondent in 1948 and recorded in the office of the probate judge in "Variety Book C, page 336."

The third witness testified with respect to respondent's signatures on certain instruments.

■ The possession of a mortgage by the maker, or the fact that it is found among his papers after his death, is presumptive evidence of its payment. Potts v. Coleman, 86 Ala. 94, 5 So. 780; Greer v. Gullette, 234 Ala. 79, 173 So. 505; Brown v. Lee, 242 Ala. 159, 5 So.2d 620; Smith v. Smith, 244 Ala. 342, 13 So.2d 578; 70 A.L.R. 859. The presumption may be rebutted by other evidence. Authorities, supra.

■ There is argument that the testimony given by respondent, as to his transactions with mortgagor, was not properly to be considered under the "Dead Man's Statute," § 433, Title 7, Code 1940. This question, however, it is not necessary here to decide. The case was tried under the

"Lazy Lawyer's Statute," Act No. 101, 1943 Acts, page 105; in 1958 Recompilation of Code as § 372(1), Title 7. Even if respondent's testimony be admissible, the trial court was not bound to accept it as true. The witnesses testified ore tenus, and, under the well-known rule, their credibility was a matter to be decided by the trial court.

On this view of the case, the trial court could find that the presumption of payment arose, when the mortgage was found among the mortgagor's papers after his death, and that respondent had not, by other evidence, overcome the presumption of payment. We cannot say that such a finding is contrary to the evidence or that the decree appealed from is plainly and palpably wrong.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.